CHARLES M. CONANT *vs.* ALFRED E. ALVORD & another.

Suffolk. January 15, 1896. — May 27, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*False Representations — Agency— Fraud.*

A. represented that he was the duly authorized agent of B. to accept a draft, and C., relying on such representation, which was untrue, gave up a prior security against the drawer, and received in its place a draft on B. accepted by A. *Held*, that A. was liable irrespective of the question of fraud.

TORT, for false and fraudulent representations made by the defendants in accepting certain orders drawn by one Butland in favor of the plaintiff.

The declaration alleged that Butland drew certain orders on the Cape Ann Savings Bank, payable to the plaintiff, for the sums

of one thousand and of fifteen hundred dollars, respectively, and delivered them to the plaintiff; that thereafter the defendants, falsely and fraudulently representing, themselves to be agents of the Cape Ann Savings Bank and authorized to accept such orders, did accept them in the name of and on behalf of the Cape Ann Savings Bank by acceptances in writing on the face of the orders, and that the plaintiff, relying upon such representation, advanced money and materials to Butland which have not been repaid to the plaintiff; that in fact the defendants were not the agents of the Cape Ann Savings Bank, and were not authorized to accept such orders in its name or behalf; and that thereafter the houses referred to in the orders were completed to the satisfaction of the bank, and the orders, according to their terms, were due and payable to the plaintiff, but that the bank refused to pay them to the plaintiff, whereby the amount of the orders has been wholly lost to the plaintiff.

The first order was as follows:

" Boston, Dec. 5, 1892.   To the Cape Ann Savings Bank, Gloucester, Mass.   Please pay Charles M. Conant one thousand dollars ($1000) balance due on a mortgage held by you on lot No. 3, on Highland Park, Newtonville, Mass., dated Nov. 30th, to 1892, for $3500, said mortgage signed by Orson O. Bowen, said payment to be made when said house is completed to the satisfaction of said Bank; $2500 having been paid on said mortgage on Dec. 3rd, 1892.   John Butland."

Written across the face:

" Accepted Dec. 5, 1892.   Cape Ann Savings Bank, by Alvord & Ward, Agts for the negotiation of within mentioned loan."

The second order was as follows:

" Boston, Dec. 5th, 1892.   To the Cape Ann Savings Bank, Gloucester, Mass.   Please pay Charles M. Conant fifteen hundred dollars ($1500), balance due on a mortgage held by you on lot No. 4 on Highland Park, Newtonville, Mass., dated Nov. 30th, 1892, for $4000, said mortgage signed by Geo. W. Dow of Boston, said payment to be made when said house is completed to the satisfaction of said Bank; $2500 having been paid Dec. 3rd, 1892.   John Butland.

" M. E. Rideout erased and Charles M. Conant inserted.   Alvord & Ward.   John Butland."

"Accepted Dec. 5th, 1892. Cape Ann Savings Bank, by Alvord & Ward, Agts. for the negotiation of within mentioned loan."

Trial in the Superior Court, without a jury, before *Hammond, J.,* who allowed a bill of exceptions, in substance as follows.

The plaintiff testified that the orders with the acceptances thereon were brought to him by Butland and Phipps, the latter of whom, previously to the acceptance of the orders, held deeds of the property upon which the mortgages were negotiated in trust for the plaintiff; that, upon receiving these orders from Butland, the plaintiff released the deeds so held by Phipps, and continued to advance materials to Butland, and also loaned money to him; that when he received these orders he was not acquainted with the defendants, and had had no correspondence with them whatever; that, on receipt of the orders, he read them carefully, noticed that they were conditional orders, and also noticed carefully the wording of the acceptances; that later, on the same or the following day he called on the defendants and asked them if the orders were genuine, and had some conversation with them with regard to their authority to act as agents for the Cape Ann Savings Bank; that the defendants said that those were their signatures, and that they were agents for the loan; that he made inquiries to learn if the defendants were financially responsible, but made no inquiries, except as above, as to their authority to accept the orders, and that he did not communicate with the bank until all the materials had been advanced and the money lent. It was admitted at the trial that neither Butland nor Phipps was agent for the plaintiff, or authorized to act for him in securing the acceptance of the orders from the defendants.

The plaintiff further testified that several weeks after the orders were given he learned that the bank was paying out money to third persons which he claimed under the orders through its attorney, Mr. Kern; and that thereupon the plaintiff and one of the defendants went to Mr. Kern and acquainted him with the circumstances.

One Marsh, treasurer of the Cape Ann Savings Bank, testified that the loans on the houses were negotiated through the defendants; that the bank had negotiated through the defendants

several mortgages both before and since the acceptance of these orders; that in other cases a part of the mortgage money was sometimes forwarded by the bank through the defendants, and part of the time the mortgage money was paid through their attorney, Mr. Kern; that the bank relied upon its attorney to examine the title, and to see that no mechanics' liens were allowed to stand against the property; and that they depended upon the defendants to see that the houses were properly constructed. He also testified that the defendants had no authority to accept the orders in question on behalf of the bank, and that as soon as the bank officials heard of their having done so they repudiated the act.

The defendants testified that, when Butland and Phipps came to them at their office and requested them to accept said orders, they distinctly said that they were agents simply for the negotiations of the loans, and nothing further; that it was so understood; and that when the plaintiff came to them the day after these orders were accepted, they distinctly told him that they simply had authority to negotiate loans for the bank, as set forth in their acceptances.

At the conclusion of the evidence, the defendants presented seven requests for rulings, the fourth only of which is material, and is as follows:

"4. The words in the acceptance, 'agents for the negotiation of the within mentioned loan,' were sufficient to put an ordinarily prudent business man on his guard, and to disclose the full scope of the defendants' authority, and if the plaintiff took no steps to ascertain for himself what the defendants' authority was, but relied on the defendants' statements, the plaintiff cannot recover."

The judge declined so to rule, and found for the plaintiff, on the ground that the defendants, knowing all the facts material thereto, represented themselves as the duly authorized agents of the Savings Bank to accept the drafts; that that representation was untrue; and that the plaintiff, relying on such representation and believing it, gave up his prior security and made further advances of materials and money. The defendants alleged exceptions.

*S. W. Forrest*, for the defendants.

*C. R. Darling*, for the plaintiff.

LATHROP, J.　The only exception which has been argued is to the refusal of the court to give the fourth request for instructions.　We are of opinion that the judge was not bound to rule that the words in the acceptance, "agents for the negotiation of the within mentioned loan," were sufficient to put an ordinarily prudent business man on his guard, and to disclose the full scope of the defendants' authority.　The act of writing the words, "Accepted Dec. 5th, 1892.　Cape Ann Savings Bank, by Alvord & Ward," was a representation that they had authority from the bank to accept the orders, and the words added after their names cannot be said to set forth that they had no such authority. They are to be construed as a *descriptio personarum;* and, reading the entire acceptance together, it is plain that the defendants, describing themselves as "agents for the negotiation of the within mentioned loan," represented that they had authority to accept the orders for the Cape Ann Savings Bank.　This representation has been found to be untrue.

As the plaintiff relied upon the representation, and has suffered injury from the breach of the representation, he has a right of action for such breach, irrespective of the question of fraud on the part of the defendants.　This rule of law is well settled. *Long* v. *Colburn,* 11 Mass. 97, 98.　*Ballou* v. *Talbot,* 16 Mass. 461, 463.　*Jefts* v. *York,* 10 Cush. 392, 395.　*Draper* v. *Massachusetts Steam Heating Co.* 5 Allen, 338, 339.　*Bartlett* v. *Tucker,* 104 Mass. 336, 341.　*May* v. *Western Union Telegraph Co.* 112 Mass. 90, 95. *Boston & Albany Railroad* v. *Richardson,* 135 Mass. 473, 475. See also *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574, 587, per Holmes, J.; *Collen* v. *Wright,* 7 E. & B. 301, and 8 E. & B. 647; *Spedding* v. *Nevell,* L. R. 4 C. P. 212; *Weeks* v. *Propert,* L. R. 8 C. P. 427; *Cherry* v. *Colonial Bank,* L. R. 3 P. C. 24; *In re National Coffee Palace Co.* 24 Ch. D. 367 ; *Richardson* v. *Williamson,* L. R. 6 Q. B. 276 ; *Mountstephen* v. *Lakeman,* L. R. 7 Q. B. 196; *Chapleo* v. *Brunswick Building Society,* 6 Q. B. D. 696; *Firbank* v. *Humphreys,* 18 Q. B. D. 54; *White* v. *Madison,* 26 N.Y. 117 ; *Taylor* v. *Nostrand,* 134 N.Y. 108 ; *Trust Co.* v. *Floyd,* 47 Ohio St. 525 ; *Patterson* v. *Lippincott,* 18 Vroom, 457 ; *Russell* v. *Koonce,* 104 N. C. 237.

*Exceptions overruled.*