PEOPLES NATIONAL BANK OF BOSTON *vs.* JOHN DIXWELL
& another.

Suffolk.    November 18, 19, 1913. — May 19, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Deceit.   Bills and Notes.   Corporation.*

An action of tort in the nature of deceit may be maintained by one who as indorsee has become the holder in due course of a negotiable promissory note to which the defendant without authority had signed the name of a corporation, followed by the words, "by . . . [the defendant] . . . President," if the plaintiff purchased the note in reliance upon such assertion of authority by the defendant and the corporation refuses to pay it.

CONTRACT OR TORT against John Dixwell and Heber Bishop, who were alleged in the amended declaration to have signed with the name, "New England Home for Deaf Mutes, Aged, Blind or Infirm, by John Dixwell, M. D. President and Heber Bishop, Treasurer," a negotiable promissory note for $2,000, payable to William F. Mitchell or order and purporting to be secured by a mortgage on real estate.    Writ dated September 9, 1911.

It also was alleged in the amended declaration that the New England Home for Deaf Mutes, Aged, Blind or Infirm was a corporation, that the defendants had no authority to sign the note in its name, and knew that they had no such authority, that the plaintiff purchased the note and became an indorser thereof and a holder for value in due course relying upon the defendants' representations of authority, and that the corporation had refused to pay it.

The defendants severally demurred to the declaration.    The demurrers were heard by *Crosby,* J., who sustained them and reported the case for determination by this court, judgment to be entered for the defendants if the demurrers were sustained properly; otherwise, the demurrers to be overruled and the case to stand for trial.

*Lee M. Friedman,* for the plaintiff.

*C. W. Rowley,* (*D. J. Riley* with him,) for the defendants.

HAMMOND, J.   The paper purported to be the note of the New England Home for Deaf Mutes, Aged, Blind or Infirm, and

to be executed in the name of the maker by the defendants.   Had the defendants been duly authorized the note would have been that of the corporation.   But the declaration asserts that they were not thus authorized.   It was therefore neither the note of the alleged principal nor that of the alleged agents, and no action is maintainable thereon as a note against either party, — not against the principal because not its note in fact, and not against the agents because it does not purport to be their note.   *Long* v. *Colburn,* 11 Mass. 97.   *Conant* v. *Alvord,* 166 Mass. 311, and cases there cited.   Whatever may be the rule elsewhere (see *Dusenbury* v. *Ellis,* 3 Johns. Cas. 70), it is settled in this Commonwealth that "if the instrument purports to express the contract of the principal, the agent is not personally liable on it, but that the remedy in such a case against him is by an action upon the case for falsely representing himself to be authorized to bind his principal.   *Jefts* v. *York,* 4 Cush. 371.   *Ballou* v. *Talbot,* 16 Mass. 461."   Hoar, J., in *Draper* v. *Massachusetts Steam Heating Co.* 5 Allen, 338.   And the nature of this liability is stated by Shaw, C. J., in *Jefts* v. *York,* 10 Cush. 392, 395, as follows:   "If one falsely represents that he has an authority, by which another, relying on the representation, is misled, he is liable; and by acting as agent for another, when he is not, though he thinks he is, he tacitly and impliedly represents himself authorized without knowing the fact to be true, it is in the nature of a false warranty, and he is liable.   But in both cases his liability is founded on the ground of deceit, and the remedy is by action of tort.   *Smout* v. *Ilbery,* 10 M. & W. 1.   *Jenkins* v. *Hutchinson,* 13 Ad. & El. (N. S.) 744."   Under the allegations of the declaration there can be no doubt that under the well settled law of this Commonwealth the defendants made themselves liable to such an action.

It is urged, however, by the defendants that, even if that be so, the liability is to Mitchell alone, the payee of the note, and that the right to enforce it has not been and cannot be assigned by him. But the representations are made in the document itself, which upon its face is negotiable in form.   It is to be assumed that the defendants contemplated that it might pass into the hands of parties taking the same in reliance upon the statements therein contained, and that the defendants intended that in such a case the statements should stand as made to any rightful holder; or in

other words that the statements are to be regarded as continuous. *Roberts* v. *Anheuser Busch Brewing Association*, 211 Mass. 449, and cases there cited. The plaintiff appears by the declaration to be such a holder, and as such one of the persons to whom the representations were made.

*Demurrer overruled; case to stand for trial.*