LENA E. MENDELSOHN *vs.* HERBERT H. HOLTON.

Suffolk.     June 25, 1925. — September 30, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Agency,* Liability of agent for damages resulting from his making unauthorized contract in name of principal. *Actionable Tort. Contract,* Implied.

Review by SANDERSON, J., of the law respecting liability of an agent for damages resulting to one with whom he made a contract on behalf of, but without authority from, his principal.

In this Commonwealth, an action of contract cannot be maintained against an agent of a corporation to recover upon an account annexed for services rendered in accordance with the provisions of a contract made by

the agent on behalf of, but not with the authority of, the corporation; the appropriate remedy against the agent in such circumstances is an action of tort.

CONTRACT for $670 upon an account annexed "for services performed in making the financial report of the Rose Tea Company." Writ dated February 28, 1922.

In the Superior Court, the action was tried before *Callahan*, J. Material evidence and instructions to the jury are described in the opinion. The jury found for the plaintiff in the sum of $723.60. The defendant alleged exceptions.

The case was submitted on briefs.

*D. J. Triggs*, for the defendant.

*L. H. Leary*, for the plaintiff.

SANDERSON, J. This is an action of contract in which the plaintiff seeks to recover on an account annexed for services performed between January 11, 1922, and February 1, 1922, in making a financial report of the Rose Tea Company. The answer is a general denial. The defendant admitted that the services were performed and that if he were liable for them the plaintiff would be entitled to recover the amount set forth in the account annexed to the declaration. The jury returned a verdict for the plaintiff and the only question argued is an exception saved in the following language: "I desire an exception to the part of the charge in which his Honor said that if an agent is not authorized to contract in behalf of the principal and orders work done he is personally liable on the contract."

The plaintiff was a public accountant doing business under the name of L. E. Mendelsohn and Company. The business of the defendant was analyzing the statements and reports of corporations for the purpose of arriving at the true value of their assets. The Rose Tea Company was incorporated June 1, 1919, and operated a series of "chain stores." At the time the services were rendered for which the plaintiff seeks to recover, the defendant was not an officer of the company. There was evidence tending to prove that in December, 1921, he, with three men who were a majority of the directors of the Rose Tea Company, bought a controlling interest in the company and deposited their holdings

as collateral to secure a note of the corporation. The plaintiff had been employed by the Rose Tea Company to make monthly financial statements from 1919 to January 21, 1922, when the company went into bankruptcy. On or about January 11, 1922, she was asked to make a financial report of the company for the year 1921. The plaintiff testified that she made a contract with the defendant for the preparation of this report for him on his personal credit; while the defendant's evidence tended to prove that he asked the plaintiff to prepare the report for the stockholders, stating that he was acting as agent of the corporation in ordering it. He also offered evidence that a vice-president and director who principally looked after the financial matters of the corporation assented to the retaining of the plaintiff for the corporation and that through this director the corporation employed the plaintiff to make the report. Under the instructions the jury could have found for the plaintiff on the theory (1) that the parties expressly agreed that the work should be done for the defendant and on his personal account; or (2) that he was personally liable because without authority he made a contract for the work in the name of the corporation.

There is nothing in the record to indicate which theory of the case the jury adopted. The trial judge did not rule as stated in the exception that an agent is liable personally on the contract if, not being authorized to contract on behalf of the corporation, he orders work done for it. The jury were instructed that if the contract was made with the corporation the plaintiff could not recover, and they were permitted to find for the plaintiff on the contract made by the parties if they found, as the plaintiff contended, that the contract was made by the defendant personally in his own behalf, but not otherwise. The other theory on which they were permitted to find for the plaintiff was on a contract which the judge ruled that the law created, in case the jury should find that the agreement was made in the name of the corporation by the defendant acting without authority. We assume that the exception relates to this ruling.

In a few jurisdictions a plaintiff may sue the agent on the

contract which he makes in the name of an alleged principal if made without authority. But by the great weight of authority there is no liability on the contract under such circumstances. It is generally held, however, that the agent is liable in damages to a plaintiff who is thus misled to his injury, and that these damages would include any loss that he suffered by reason of not having a valid contract.

The conflict in the cases principally relates to the form of the remedy. In England, New York and some other jurisdictions, the action may be brought in contract for the breach of an implied warranty of authority. *Collen* v. *Wright,* 8 El. & Bl. 647. *Lewis* v. *Nicholson,* 18 Q. B. 503. *Starkey* v. *Bank of England,* [1903] A. C. 114. *Seeberger* v. *McCormick,* 178 Ill. 404. *White* v. *Madison,* 26 N. Y. 117. *Simmons* v. *More,* 100 N. Y. 140. *Trust Co.* v. *Floyd,* 47 Ohio St. 525. In Massachusetts, in such a case, there can be no recovery against the principal named because the agent had no authority to bind him and no recovery on the contract against the agent because the contract was not made with him. *Ballou* v. *Talbot,* 16 Mass. 461. *Jefts* v. *York,* 4 Cush. 371. *Abbey* v. *Chase,* 6 Cush. 54. *Jefts* v. *York,* 10 Cush. 392. *Draper* v. *Massachusetts Steam Heating Co.* 5 Allen, 338. *Bartlett* v. *Tucker,* 104 Mass. 336. *Peoples National Bank of Boston* v. *Dixwell,* 217 Mass. 436. *Magaw* v. *Beals,* 242 Mass. 321.

In *Abbey* v. *Chase,* 6 Cush. 54, 56, 57, Metcalf, J., speaking for the court said: "when one who has no authority to act as another's agent, assumes so to act, and makes either a deed or a simple contract, in the name of the other, he is not personally liable on the covenants in the deed, or on the promise in the simple contract, unless it contains apt words to bind him personally. . . . The only remedy against him, in this Commonwealth, is an action on the case for falsely assuming authority to act as agent."

In an opinion by Shaw, C.J., the nature of the liability was stated in the following language: "If one falsely represents that he has an authority, by which another, relying on the representation, is misled, he is liable; and by acting as agent for another, when he is not, though he thinks he is,

he tacitly and impliedly represents himself authorized without knowing the fact to be true, it is in the nature of a false warranty, and he is liable. But in both cases his liability is founded on the ground of deceit, and the remedy is by action of tort." *Jefts* v. *York,* 10 Cush. 392, 395.

In *Draper* v. *Massachusetts Steam Heating Co.* 5 Allen, 338, 339, the court in an opinion by Hoar, J., said : "in this Commonwealth it is settled that if the instrument purports to express the contract of the principal, the agent is not personally liable upon it; but that the remedy in such a case against him is by an action on the case for falsely representing himself to be authorized to bind his principal."

In *Bartlett* v. *Tucker,* 104 Mass. 336, the plaintiff sought to hold the defendant in contract on notes which he signed in the name of another without authority. The court in an opinion by Gray, J., said: "In such a case, it is clear that by the law of this Commonwealth, as shown by the cases already cited, the defendant could not be sued in contract upon the note, but only in tort"; and at another place in the same opinion the liability was stated to be "only in an action of tort for falsely representing himself to be authorized to sign the name of the other person. This rule has been asserted and steadfastly maintained by this court for half a century."

In *Boston & Albany Railroad* v. *Richardson,* 135 Mass. 473, the plaintiff sought to recover damages against the defendant who presented a forged transfer or power of attorney upon the faith of which the plaintiff issued to the defendant a new certificate of stock. The court said at pages 475, 476, "We can see no good reason why an action of contract upon the implied warranty should not be maintained, in the same manner as it may be upon the implied warranty in the sale of chattels . . . . But it is not necessary to discuss this, because in the case at bar there is both a count in contract and a count in tort in the nature of case, for falsely assuming to act as an agent."

In *Peoples National Bank of Boston* v. *Dixwell,* 217 Mass. 436, 437, an action in the nature of deceit against the defendant for signing the name of a corporation to a note with-

out authority, the court said: "Whatever may be the rule elsewhere (see *Dusenbury* v. *Ellis*, 3 Johns. Cas. 70), it is settled in this Commonwealth that 'if the instrument purports to express the contract of the principal, the agent is not personally liable on it, but that the remedy in such a case against him is by an action upon the case for falsely representing himself to be authorized to bind his principal . . . .'"

*Magaw* v. *Beals*, 242 Mass. 321, was an action of tort in which the plaintiff recovered damages for being evicted from premises which she had occupied under a lease made to her by the defendant purporting to act as attorney for one Little. The court said, at page 323, "The defendant by assuming to act as the agent of Mr. Little, impliedly held himself out as having authority to lease in Little's name to the plaintiff . . . . By so doing he made himself personally liable. And this is so, even if he knew of his lack of authority and assumed to act as if he were authorized, or whether he honestly was of opinion that he possessed authority when as matter of fact he had none."

It has been long held in this Commonwealth that an action of tort is the appropriate remedy against the agent who without authority purports to contract in the name of an alleged principal; and there seems to be no sufficient reason for departing from this well established practice. Under the instruction to which the exception was saved the plaintiff was permitted to recover on a ground of liability not open to her in this Commonwealth.

*Exceptions sustained.*