JOHN L. HENNESSEY vs. CITIES SERVICE REFINING
COMPANY.

SAME vs. GEORGE E. CARTER.

Bristol.   October 27, 1932. — March 31, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

Contract, What constitutes. Agency, Scope of authority. Evidence, Of
scope of employment or agency, Admissions, Presumptions and
burden of proof.

The declarations of an employee and his acts are not of themselves evi-
dence of the scope of his employment binding his alleged employer.

It was proper to order a verdict for the defendant, in an action of con-
tract against a corporation operating gasoline stations for services
rendered in "going around to places" with an employee of the defend-
ant seeking locations for stations, where it appeared that the only
person with whom the plaintiff dealt was such employee and the only
competent evidence as to his authority to act for the defendant was
that his general duties were confined to the sale and delivery of the
corporation's petroleum products and that as to sites for gasoline
stations he had authority to do no more than to report to his em-
ployer the location, size and price of any which might be offered to
him for sale; there was no evidence to warrant a finding that such
employee had apparent or ostensible authority to bind the corpora-
tion to pay the plaintiff for his services.

A plaintiff brought two actions, one against a corporation and one against
an alleged employee of the corporation, to recover compensation
alleged to have been earned in "going around to places" with the
employee seeking property to be purchased by the corporation. The
actions were tried together, and the plaintiff, after making inconsist-
ent statements that the corporation and, later, that the employee,
was the party with whom he had contracted, when his attention was
directed to the inconsistency, finally left it that he had dealt with
the employee as the corporation's agent. A verdict was ordered for
the employee. Held, that

(1) The plaintiff was bound by his final testimony;

(2) The verdict properly was ordered for the employee.

Two ACTIONS OF CONTRACT described in the opinion.
Writs dated August 4, 1928.

In the Superior Court, the actions were tried before
Broadhurst, J. Material evidence is stated in the opinion.

The judge ordered verdicts for the defendants and reported the actions to this court under the stipulation described in the opinion.

The cases were submitted on briefs.

*M. Entin,* for the plaintiff.

*A. J. Santry & E. W. Stanley,* for the defendants.

DONAHUE, J.   The plaintiff brought separate actions against the Cities Service Refining Company and George E. Carter, its manager, in the Fall River and Taunton district.   The declarations are substantially the same. They allege in three counts the employment of the plaintiff to procure land sites for gasoline stations, the promise to pay him, and the performance by him of such services. The cases come to this court, after verdicts were directed for each defendant, by a report on the stipulation of the parties that if it should here be held that, on competent evidence, a verdict was warranted against either defendant on any count in the declarations, judgment should be entered for the plaintiff against the defendant corporation alone in the sum of $1,000 with interest from the date of the writ.

It is not in dispute that the plaintiff and Carter discussed a lot of land in Taunton.   The lot belonged to one Rose who, according to the plaintiff, had given him an option to purchase it for $7,500.   After several interviews Carter signed and gave to the plaintiff a writing which recited that if the Cities Service Refining Company bought the lot "we do agree" to pay the plaintiff $1,000 "for services he has rendered in this sale."   The defendant corporation never bought the land and the plaintiff at the trial specifically disclaimed any right to recover on the basis of services rendered or of a commission.   The plaintiff did not plead this writing as a contract and if he had there could be no recovery since the land was never bought. He testified that as to this transaction his contention was that Carter prevented the sale but there was no evidence warranting the finding that this was a fact.   At the suggestion of the plaintiff Carter went with him to see sites for gasoline stations, among them one on President Avenue,

Fall River, which the defendant corporation at a later time purchased.

It was the contention of the two defendants that there was no employment of the plaintiff by either. The only person connected with the defendant corporation with whom the plaintiff had dealings was Carter. The plaintiff's testimony as to the terms of the alleged contract of employment and as to the identity of his employer was somewhat vague and contradictory. In answer to questions put by counsel and by the judge he testified that Carter told him that if any deal went through he would be paid $1,000 and if such a deal did not go through "I was going to be taken care of for my time that I was giving"; that he "was going to be paid accordingly"; that "the company would take care of me"; "he said he would pay me if the gasoline station didn't go through"; "I would be taken care of for the services I rendered to them for going around to places." Finally, after he had said: "I claim I made the contract with both of them, both them people" (meaning the defendants), in response to a question put by the judge he testified that he dealt with Carter on the theory that he was acting as agent of the Cities Service Refining Company.

Carter's statements to the plaintiff and his conduct were not competent evidence, as against the corporation, of his authority to bind it. *Newburyport Institution for Savings* v. *Brookline,* 220 Mass. 300, 306. Excluding such testimony, as we must by the terms of the stipulation, there was no evidence which warranted a finding that Carter had express authority from the corporation to employ the plaintiff or to make a contract with him. Such competent evidence as was introduced on the subject indicates that his general duties were confined to the sale and delivery of the corporation's petroleum products and that as to sites for gasoline stations he had authority to do no more than to report to his employer, at Boston, the location, size and price of any which might be offered to him for sale. Nor was there evidence to warrant a finding that Carter had apparent or ostensible authority to bind the corporation

in such transactions. Unless "the circumstances are such by reason of the acquiescence or negligence of the alleged principal, or by reason of the nature of the duties entrusted to the supposed agent, and the situation in which the alleged principal has put him, as to warrant third parties in the exercise of a reasonable prudence and discretion in dealing with him as having authority to represent the alleged principal in regard to the transaction in question" the principal will not be bound. *Rintamaki* v. *Cunard Steamship Co. Ltd.* 205 Mass. 115, 117. No such circumstances are here in evidence. A finding that Carter had authority to bind the corporation was not warranted.

Disregarding contradictory evidence and assuming that on the plaintiff's testimony it could be found that Carter, purporting to have authority, did make a contract of employment with the plaintiff there can be no recovery against Carter on that contract. After making inconsistent statements that the employer was the corporation and that Carter was the contracting party, the plaintiff, when his attention was directed to the inconsistency, finally left it that he dealt with Carter as the corporation's agent. He is bound by this testimony, *Ebert* v. *Haskell*, 217 Mass. 209; *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, and cannot hold Carter on a contract made with the corporation. "In Massachusetts, in such a case, there can be no recovery against the principal named because the agent had no authority to bind him and no recovery on the contract against the agent because the contract was not made with him." *Mendelsohn* v. *Holton*, 253 Mass. 362, 365. (See *Lemery* v. *Twombly*, 281 Mass. 93.) Since a verdict was rightly directed for each defendant, judgments must be entered on the verdicts.

*So ordered.*