HENRY W. SAVAGE, INCORPORATED, *vs.* JACOB FRIEDBERG.

Suffolk.   December 4, 1947. — January 30, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Broker*, Commission. *Contract*, Consideration, Parties. *Agency*, Agent's
liability to third person, Ratification, Warranty of authority. *War-
ranty.*

An oral promise, made by a purported agent of a prospective purchaser
of real estate to a real estate broker to pay him a commission for
services already performed for the prospective seller in procuring the
purchaser, would be without consideration and unenforceable.

A broker employed by an owner of real estate, not being a party to a
contract for the sale and purchase of the property, could not enforce
a promise made by a purported agent of the prospective purchaser to
the owner to pay the broker a commission as part of the purchase
price.

One did not make himself liable on a written contract by signing it in
the name of a trust "by" himself "Atty."

An unauthorized signing of a real estate purchase contract in the name of
a trust was ratified where the trustee, with full knowledge of the
facts, subsequently authorized a conveyance of the property to a
nominee for the trust.

Whatever liability a purported agent signing a contract without author-
ity might have been under to the other party to the contract through
misrepresenting his authority to bind his purported principal ceased
when the principal subsequently ratified his act.

CONTRACT.   Writ in the Municipal Court of the City of
Boston dated January 7, 1947.

Upon removal to the Superior Court, the action was
heard without a jury by *Cabot*, J., who found for the plain-
tiff.   The defendant alleged exceptions.

*J. C. Johnston*, for the defendant.

*M. Klein*, for the plaintiff.

SPALDING, J.   The plaintiff, a real estate broker, brings

this action of contract to recover a commission. The declaration is in three counts, the first on an account annexed for services in selling a parcel of real estate in Brookline, the second upon a written agreement to pay a commission for the sale of the real estate, and the third for breach of warranty of authority to bind the buyer named in the agreement. All of the counts are for the same cause of action.

The following is a summary of the relevant evidence: The Arthur Conti Company, hereinafter called the seller, owned an apartment house in Brookline which it had offered for sale through the plaintiff. Gayzagian, an agent of the plaintiff, at the request of one Brodsky, conferred with the defendant, telling him that the property was for sale and the price for which it could be purchased. "The price was $38,000 plus the commission which the defendant agreed to pay." Thereafter on October 4, 1946, a purchase and sale agreement was drawn up in triplicate in which the seller was described as the party of the first part and the purchaser, Irene Realty Trust (hereinafter called the trust), as the party of the second part. The agreement was signed by the defendant as follows: "Irene Realty Trust by J. Friedberg, Atty." On the margin of one of the agreements the plaintiff's agent, whose authority to do so is not disputed, indorsed "O. K. Henry W. Savage Inc. by L. M. Gayzagian." The agreement provided that "a broker's commission in accordance with schedule of the Boston Real Estate Exchange is to be paid to Henry W. Savage, Inc. [the plaintiff], by the buyer." The sole trustee of the trust, Brodsky, testified that he had not authorized the defendant to execute the agreement on behalf of the trust. However, on November 7, on behalf of the trust, Brodsky "authorized the Conti Company in writing to transfer the real estate to Charles Gassett." The defendant "took title in the name of Gassett . . . and is the equitable owner of the property." On November 12, when papers were passed, the plaintiff's agent handed to the defendant a bill for $1,540 made out to the trust. It is agreed that the amount of the bill was proper.

The judge made a general finding for the plaintiff. The case comes here on exceptions of the defendant to the denial of several requests for rulings. Of these we need discuss only the following: "1. Upon all the evidence the plaintiff is not entitled to recover on count 1 of the declaration. 2. Upon all the evidence the plaintiff is not entitled to recover on count 2 of the declaration. 3. Upon all the evidence the plaintiff is not entitled to recover on count 3 of the declaration."

1. If we assume that the evidence warranted a finding that the defendant, prior to the written agreement which he executed on behalf of the trust, orally promised the plaintiff's agent that he would pay the plaintiff the commission for which recovery is sought in the first count, the evidence fails to establish an enforceable obligation. The plaintiff was not employed by the defendant. See *Wm. Pease O'Brien Inc.* v. *American Radiator & Standard Sanitary Corp., ante,* 242. On the evidence here the plaintiff's services were performed on behalf of the seller at the latter's request. The defendant's promise to pay the commission was for past services which had been performed for another. The promise was without consideration. *Dearborn* v. *Bowman,* 3 Met. 155, 158. *Chamberlin* v. *Whitford,* 102 Mass. 448, 450. *Conant* v. *Evans,* 202 Mass. 34. *Field* v. *Hamm,* 254 Mass. 268, 270.

If, as seems more likely, the defendant's promise to pay the commission was really part of the purchase price and ran not to the plaintiff but to the seller, it could not be enforced by the plaintiff, a third person from whom no consideration moved. *Mellen* v. *Whipple,* 1 Gray, 317. *Exchange Bank* v. *Rice,* 107 Mass. 37. *Pike* v. *Anglo-South American Trust Co.* 267 Mass. 130, 132, and cases cited. *Central Supply Co.* v. *United States Fidelity & Guaranty Co.* 273 Mass. 139, 143–145. Compare *Green* v. *Green,* 298 Mass. 19.

2. In the second count the plaintiff seeks to recover on the written contract mentioned above, which contains an express promise by the buyer to pay the commission. But the defendant was not a party to this agreement. The

agreement was between the seller and the trust. The defendant by signing the agreement "Irene Realty Trust by J. Friedberg, Atty.," did not make himself liable on it. *Jefts* v. *York*, 4 Cush. 371. *Abbey* v. *Chase*, 6 Cush. 54, 56–57. *Bray* v. *Kettell*, 1 Allen, 80. *Peoples National Bank* v. *Dixwell*, 217 Mass. 436, 437. *Mendelsohn* v. *Holton*, 253 Mass. 362, 365. Restatement: Agency, §§ 320 and 323. And, as the case last cited points out, this would be true even if the defendant in so doing acted without authority.

We might add that, even if the contract were to be treated as having been made by the defendant, the plaintiff, who was not a party to it, could not prevail for the same reason that precluded recovery on the first count.

3. In the third count the plaintiff alleges that the defendant warranted that he had authority to enter into the contract on behalf of the trust, whereas in fact he had no such authority. We should point out that this count is in contract rather than in tort. Whatever may be the rule elsewhere (see Restatement: Agency, §§ 329, 330; Mechem on Agency [2d ed.] § 1398), it is settled in this Commonwealth that the remedy against the agent in such a case is in tort. *Mendelsohn* v. *Holton*, 253 Mass. 362, 365–367. *Lemery* v. *Twombly*, 281 Mass. 93, 97. While the case might be disposed of on the ground that the plaintiff has misconceived its remedy, we prefer to rest our decision on broader grounds. The evidence amply warranted a finding that the defendant had no authority to make the contract on behalf of the trust. However, the evidence clearly shows that the trust, acting through Brodsky, its sole trustee, with full knowledge of the facts ratified the acts of the defendant by authorizing a conveyance to Gassett, its nominee. This was the equivalent of original authority. *Cohen* v. *Jackson*, 210 Mass. 328, 331. *Lowell* v. *Lowell Building Corp.* 309 Mass. 165, 169. Such liability as the defendant was under to the plaintiff by reason of having misrepresented his authority to bind the trust ceased when the contract was ratified. *Sheffield* v. *Ladue*, 16 Minn. 388, 394. *Lingenfelder* v. *Leschen*, 134 Mo. 55, 64–66. *Hopkins*

v. *Everly*, 150 Pa. 117. Restatement: Agency, § 338, illustration 1. Mechem on Agency (2d ed.) §§ 542, 1402. See *Ballou* v. *Talbot*, 16 Mass. 461, 463. The plaintiff then got what it had originally bargained for and what the defendant did caused it no harm.

It follows that the plaintiff was not entitled to recover on any count of its declaration, and the defendant's exceptions must be sustained. Judgment is to be entered for the defendant.

*So ordered.*