ARTHUR V. O'NEILL & another *vs.* FRANCIS A. NICCOLLS & another.

Suffolk. May 3, 1949. — June 6, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Agency,* Scope of authority or employment, Ratification, Principal's liability to agent. *Exoneration.*

An owner of an interest in real estate was not bound by the act of an attorney, whom she had authorized to "try to get a buyer for the property," in signing an agreement for its sale as her attorney without previously consulting her as to price, nor did the mere fact that she did not disaffirm the agreement for twenty-three days after he had informed her of its execution require a finding of ratification thereof.

An agent, who, without authority, purported to make a contract in behalf of his principal and was held liable to the other party to such contract for breach of warranty of authority, was not entitled to have his principal exonerate him from such liability.

BILL IN EQUITY, filed in the Superior Court on June 3, 1947.

The suit was heard by *Brogna,* J.

*V. A. Canavan,* for Redmond.

*H. A. Malkasian,* for Niccolls.

LUMMUS, J. This is a bill in equity for specific performance of a written contract to sell to the plaintiffs a house and land in Boston. The findings of the judge disclose the following facts. On September 30, 1942, one Annie Redmond died, leaving as her heirs the defendant Julia Redmond, who was her sister, a brother Thomas Redmond, and five nephews and a niece. Her estate consisted of the real estate in question, which was subject to mortgages for $3,700. Julia Redmond was appointed administratrix on January 29, 1943.

On October 5, 1946, Julia Redmond "definitely retained" the defendant Niccolls to represent her and the estate. She was "very difficult to handle," and Niccolls "was having much difficulty with her." At length, she assented "to permit Niccolls to try to get a buyer for the property," and signed a blank deed which was turned over to Niccolls. (It may be observed that that conferred no right to fill up the blank deed, for that could be authorized only by a power under seal, *Bretta* v. *Meltzer*, 280 Mass. 573, 576.) In February, 1947, the plaintiff Arthur V. O'Neill made an offer of $7,600, which he later raised to $7,800. On March 28, 1947, Niccolls drew an agreement to sell the house and land to O'Neill for $7,800, which Niccolls signed "Francis A. Niccolls, Attorney for Julia Redmond, Admx. of the Estate of Annie Redmond." O'Neill knew that he was not dealing with Niccolls as a principal. Niccolls did not inform Julia Redmond of the agreement before signing it. He received from O'Neill a deposit of $100.

On April 2, 1947, Niccolls wrote to Julia Redmond and the other heirs, "informing them that he had entered into the said agreement and giving its details." On April 25, 1947, Julia Redmond wrote him, justifying her previous unwillingness to convey by stating that she had received an offer of $9,000, but saying nothing about the agreement of March 28, 1947. The judge found that $7,800 was the fair market price of the property in February, 1947, but that "by the spring, because of the increased demand and scarcity of moderate priced dwellings, the price obtainable in the open market was at least $9,000."

The judge found that when on October 28, 1946, Julia Redmond "acquiesced in the plan that Niccolls take the steps he considered advisable and necessary in order to get a buyer," she "led him to believe that she would back him up in that." The judge said he was "unable to find that Niccolls had authority to bind her to an agreement of sale for a specific price without first consulting her as to the price," and he found and ruled "that the agreement [of March 28, 1947] did not bind Julia Redmond personally."

The judge found Niccolls liable to the plaintiff Arthur V. O'Neill for the deposit of $100, and for $472.50, which was the loss suffered by him by the breach of warranty by Niccolls that he had authority to sign the agreement of March 28, 1947. The liability of Niccolls to O'Neill is founded on tort. *Henry W. Savage, Inc.* v. *Friedberg*, 322 Mass. 321, 324.

On a counterclaim filed by Niccolls against his codefendant Julia Redmond, the judge entered a decree ordering Julia Redmond to reimburse Niccolls for the $472.50 awarded to the plaintiff Arthur V. O'Neill. Julia Redmond appealed from the final decree and from an interlocutory decree allowing the answer of Niccolls to be amended by the insertion of the counterclaim. No appeal was claimed by Niccolls. Only the propriety of the decree in favor of Niccolls against Julia Redmond is now in issue.

Niccolls contends that Julia Redmond ratified his act in signing the agreement of March 28, 1947, by her inaction for twenty-three days after being informed that he had signed the agreement, and by her failure to disaffirm the agreement expressly. He relies on statements in our decisions that it is the duty of one in whose name an act has been done by an agent "in execution of a power conferred but in a mode" not authorized, to disaffirm at once. *Boice-Perrine Co.* v. *Kelley*, 243 Mass. 327, 330–331. *Friend Lumber Co. Inc.* v. *Armstrong Building Finish Co.* 276 Mass. 361, 368, 369. *DiLorenzo* v. *Atlantic National Bank*, 278 Mass. 321, 327. See also *Foster* v. *Rockwell*, 104 Mass. 167, 171, 172; *Harrod* v. *McDaniels*, 126 Mass. 413, 415–416. But the present case does not fall within the authorities cited. Julia Redmond gave no authority to Niccolls to sign any agreement, or to fix any price without previous consultation with her. We think he has made out no case against her for exoneration from liability incurred by his unauthorized act in signing the agreement of March 28, 1947. The distinction is pointed out in *Brown* v. *Henry*, 172 Mass. 559, 567.

The judge could not have found that Julia Redmond

ratified the agreement of March 28, 1947, for, if she had, the plaintiff Arthur V. O'Neill would have been entitled to specific performance, and Niccolls would not have been liable to him in damages. *Henry W. Savage, Inc.* v. *Fried- berg,* 322 Mass. 321, 324.

The interlocutory decree allowing the amendment insert- ing the counterclaim is affirmed. The final decree is modified by striking out the paragraph numbered 2, ordering the defendant Julia Redmond to pay $472.50 to the defendant Francis A. Niccolls, and as so modified is affirmed.

*So ordered.*