### Jacob D. Putnam *vs.* George W. Field.

An agent who has settled with his principal an account in which he has credited himself with the amount of a debt, owed by the principal, as having been paid by himself to the creditor, is liable therefor to the creditor on a count for money had and received.

Contract for the price of flour sold to the defendant by the plaintiff.    The defendant declared in set-off on a count for money had and received to his use by the plaintiff.    At the trial 'n the superior court, before *Rockwell,* J., the judge, on facts proved or offered to be proved, which are stated in the opinion, ruled " that the defendant could not avail himself of his set-off." There being no dispute that the defendant was liable to the plaintiff on the original cause of action, a verdict was returned for the plaintiff accordingly, and the defendant alleged exceptions.

*D. S. Richardson & G. F. Richardson, (J. Davis* with them, for the defendant.

*G. Stevens & W. H. Anderson,* for the plaintiff.

MORTON, J.   If the defendant had a debt or demand against the plaintiff, for money paid, money had and received, or services done, which existed at the time of the commencement of the suit, he can set it off against the plaintiff's claim.   Gen. Sts. *c.* 130, §§ 1–5.

The declaration in set-off in this case is for money had and received.   If, upon the facts proved and offered to be proved at the trial, the defendant could maintain an action of money had and received against the plaintiff, it is obvious that, under the provisions of the statute above cited, he has the right of set-off in this action.   These facts are, that the Lyndeboro' Glass Company, of which corporation the plaintiff was the agent, owed the defendant $228.48 ; in 1867 the plaintiff, as such agent, paid the defendant $175 on account of this debt; at the same time the plaintiff charged the said corporation with the whole amount of $228.48 as paid to the defendant; the account of the plaintiff, containing this charge, was audited and allowed by the corporation ; and, prior to the commencement of this suit, the corporation settled with the plaintiff, and paid him the balance appearing to be due him according to said account.   By this transaction, the plaintiff received of the corporation the balance of the debt due by it to the defendant; and by necessary implication, from his acceptance of the money, promised the corporation to pay it to the defendant.

Under such circumstances, the law implies a promise to the defendant to pay him the money which in equity and good conscience belongs to him, and he can maintain an action of contract for money had and received to his use, though there is no express promise to him and the consideration does not move directly from him.   The law creates the privity, and implies the promise.   *Mellen* v. *Whipple,* 1 Gray, 317.   *Frost* v. *Gage,* 1 Allen, 262.   Having settled his account and received the balance as above stated, the plaintiff cannot claim that he holds money as the mere agent of the corporation ; and therefore the cases, cited by his counsel, of *French* v. *Fuller,* 23 Pick. 108, and *Weston* v. *Gibbs,* Ib. 205, are not applicable.

We are therefore of opinion that the ruling of the presiding judge, that the defendant could not avail himself of his set-off, was erroneous. *Exceptions sustained.*