HARRY BIANCONI *vs.* JEROME F. CROWLEY & another.

Suffolk.    March 16, 1926. — May 28, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Construction, Performance and breach, Building contract, Implied.    *Evidence,* Extrinsic affecting writing, Competency.

A workman made with a subcontractor under a contract to perform certain work upon a chapel, after examination of "sketches" but without examination of the specifications of the work, an agreement at a fixed price to do the "modelling & casting . . . work."   At the trial of an action by the workman against the subcontractor for compensation for certain extras, alleged to have been performed for the defendant, it was *held,* that

(1) The specifications of the subcontract of the defendant with the main contractor were admissible in evidence to prove that the contract of the defendant did not include the work for which the plaintiff was seeking recovery and to substantiate a contention that the ambiguous words of the plaintiff's contract, "modelling & casting . . . work," could not have been understood by the defendant to cover the work for which the plaintiff sought compensation as extra work;

(2) Evidence was admissible to the effect that the defendant upon other jobs of like character had assented to the claim of the plaintiff that the plain work was not done by him because he was an ornamental man; and that on these jobs the plain cornices and window architraves were run into place by the defendant.

An item of the claim of the plaintiff in the action above described was for "extra ornamental leaf."   The owner gave the order for that work directly to the plaintiff and then credited the main contractor for its amount and the main contractor in turn credited the defendant.   The defendant asked for a ruling, "That the fact that the general contractor has made a credit on his books to the defendant in the . . . [amount of the item] is not sufficient to charge the defendant with the receipt of that sum."   The ruling was refused.   *Held,* that the refusal was proper, because the ruling would be prejudicial to the rights of the plaintiff without the further statement that such a credit would be sufficient to charge the defendant if the defendant assented to such credit and received it for the benefit of the plaintiff.

CONTRACT for $1,682.62 upon an account annexed.   Writ dated April 22, 1924.

In the Superior Court, the action was tried before *Brown,* J. Material evidence and exceptions saved by the defendants are described in the opinion.   There was a verdict for the

plaintiff in the sum of $1,451.76. The defendants alleged exceptions.

*G. F. Mitchell,* for the defendants.

*D. H. Fulton,* for the plaintiff.

PIERCE, J.   This is an action on an account annexed to recover a balance alleged to be due for work and labor performed and furnished in connection with doing certain ornamental plastering in the chapel of Holy Cross College at Worcester.   The exceptions of the defendants are concerned with certain matters of testimony and with the rulings of the trial judge in connection with one item of the account annexed which reads as follows: "Extra ornamental leaf at Holy Cross Chapel, $200.00."

The general contractor was one Keating.   The defendants had a subcontract to do the plastering under Keating.   The plaintiff had a contract with the defendants to do certain of the plastering which they had contracted to do for the general contractor.   Sometime about October 10, 1923, the plaintiff and defendants met at the office of the architect, where the plaintiff saw the "sketches" but not the specifications of the job, and on October 10, 1923, submitted his bid to the defendants, accepted October 13, 1923, to do the "modelling & casting . . . work" for $4,000.   The bid of the defendants to the general contractor was submitted on November 25, 1922.   The contract was made December 18, 1922, and Keating, about the same time, signed a general contractor's agreement which was based in part upon the bid of the defendants.   It being in controversy what work was included in the $4,000 contract, and whether the charge in the account annexed of $1,475 as extras was included in the accepted proposal, the plaintiff offered and the judge received in evidence, against the exception of the defendants, the specifications of the subcontract of the defendants.

The admission of the specifications in evidence was not error.   It was relevant for the plaintiff to prove that the contract of the defendants did not include the work which the plaintiff performed, and to contend therefrom that the ambiguous words of the contract, "modelling & casting . . . work" could not have been understood by the defendants

to cover the work for which the plaintiff seeks compensation as extra work. That another and different inference could have been drawn therefrom did not make the evidence inadmissible. There was no error in the admission of the evidence to the effect that the defendants upon other jobs of like character had assented to the claim of the plaintiff that the plain work is not done by him because he is an ornamental man; and that on these jobs the plain cornices and window architraves were run into place by the defendants.

As regards the item of $200 put down as "Extra ornamental leaf at Holy Cross Chapel": The owner wished this extra bit of ornamental moulding in the coffers, and gave an order direct to the plaintiff for $200. The owner in accordance with the custom of the trade gave Keating credit for $200, and Keating in turn gave the defendants credit in that sum on his books. The defendants knew of this custom, which the defendant Crowley described as follows: "The general custom is that he [the plaintiff] should have put the bill in to me, and I should have put it in to Keating." "It goes to the builders, the builders have it O. K.'d . . . and I would receive it and turn it over to Bianconi [the plaintiff].

At the close of the evidence the defendants requested, and the judge refused, the following ruling: "That the fact that the general contractor has made a credit on his books to the defendant in the sum of $200 is not sufficient to charge the defendants with the receipt of that sum." This request, while accurate as a bare statement of law, could not have been given, because it was prejudicial to the rights of the plaintiff without the further statement that such a credit would be sufficient to charge the defendants if the defendants assented to such credit and received it for the benefit of the plaintiff. In the case supposed of an assent to the credit of the defendant for the benefit of the plaintiff, an action can be supported on the principle that equity and good conscience forbid that the defendant should retain the credit at the expense of the plaintiff. *Mellen* v. *Whipple*, 1 Gray, 317, 323. *Putnam* v. *Field*, 103 Mass. 556. *Exchange Bank of St. Louis* v. *Rice*, 107 Mass. 37, 42.

The law applicable to an action for money had and received

in the class of cases to which the case at bar belongs was clearly and accurately stated in the charge in the words which follow:

"I take it that at sometime during the progress of this work, by the direction of the owner, that is, somebody acting for the college, a direction was given Mr. Bianconi direct; not through the general contractor, and by him passed down to the plastering contractor, and from him to Mr. Bianconi. . . . Now, if that was all there was to it there wouldn't be anything for you to consider with reference to the $200. The claim, is that is money had and received by the defendant to the plaintiff's use. The meaning of that is this, that these defendants have got $200 which in all good conscience belongs to Mr. Bianconi. Now have they?

"In order to justify recovery of the sum alleged to be money had and received it need not be actually cash money. It may be in the form of a credit, and it may be or may not be in this case that Mr. Bianconi can recover, but his recovery is not determined by the character of this $200 payment, if in fact, you find that $200 was credited to the general contractor, and by him credited to Messrs. Crowley and MacFarlane for and on account of this very item. If you find, in other words, that these defendants have received a credit which is the equivalent of cash for this particular item from the general contractor, who got it in turn on the architect order from the owner, it is just as good as if he had $200 cash money that belonged to Mr. Bianconi. The question for you to determine in deciding whether or not that $200 is owed Mr. Bianconi is the question of fact, whether or not these defendants have been credited that amount of money for this particular thing by the general contractor. If they have, it is just the same as if actual cash was passed over by Mr. Keating, and he would be entitled to recover, and if not, he is not entitled to recover."

*Exceptions overruled.*