## LESLIE A. PIKE *vs.* THE ANGLO-SOUTH AMERICAN TRUST CO.

Suffolk.    November 8, 1928. — May 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes, Implied.

A corporation issued bonds, each of which had coupons attached representing interest accruing from time to time according to its provisions, and which contained a provision that it should pass by delivery unless registered as to principal but that coupons should always be transferable merely by delivery. The bonds were secured by a mortgage on real estate running to a bank as trustee, and the coupons were payable at the bank or at a certain other office. The bank was not a party to the bonds or to the coupons. It had in its possession money deposited with it to pay the coupons. The holder of a bond payable to bearer demanded payment of a coupon from the bank, and, upon its refusal to pay, brought an action against it. *Held,* that the corporation issuing the bonds was the only person obligated to pay the coupon, and that the bank was not liable.

CONTRACT with a declaration described in the opinion. Writ in the Municipal Court of the City of Boston dated January 17, 1927.

On removal to the Superior Court, the action was tried before *Williams,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*R. Clayton,* for the plaintiff.

*H. Williams, Jr.,* (*F. A. Lynch* with him,) for the defendant.

RUGG, C.J. This is an action of contract to recover the amount due on coupons on bonds issued by the Court and Montague Street Realty Corporation, organized under the laws of New York, hereafter called the corporation. The defendant is a banking corporation having its place of business in New York, jurisdiction over it being obtained by trustee process served on its deposit in a Boston bank. There was

evidence tending to show that the corporation issued bonds secured by mortgage on real estate in New York; that the defendant was corporate trustee named in these bonds; that the plaintiff was the owner of four bonds payable to bearer, from which the coupons here in suit had been detached; that the coupons were payable at the office of the defendant or at the office of George M. Forman and Company, Inc., either in Chicago or in New York City; that the plaintiff had demanded payment of these coupons from the defendant in New York, which admitted that it had in its possession money deposited to pay them, that it was merely a stakeholder, that its only desire was to pay the interest to the person entitled thereto, but asserted that the title of the plaintiff to the bonds was said to be defective with notice thereof to the plaintiff at the time of his acquisition, and that it had been asked by George M. Forman and Company, Inc. not to pay the money to the plaintiff.   There is a provision in each bond that it shall pass by delivery unless registered as to principal, but that coupons shall always be transferable merely by delivery.   On this evidence, motion of the defendant for a directed verdict in its favor was granted.   The plaintiff's exceptions bring the case here.

The question to be decided is whether the plaintiff can bring an action on the coupons in his own name against the defendant for refusal to pay the coupons.   The defendant is not a party to the coupons or to the bonds.   The maker and only person obligated to pay the coupons under the bonds is the corporation.   The defendant is mentioned in the bonds as the trustee and as a person at whose office the coupons will be payable.   In passing it may be observed that there is a paragraph in the copy of the bond set forth in the exceptions to the effect that "Neither this bond nor any of the coupons hereto attached shall be valid until this bond is authenticated by the signature of the said corporate trustee, the Anglo-South American Trust Company," and that no such signature is on the bond.   There is no promise in the bond or the coupon that the defendant will do anything.   It is not a party thereto in any proper sense.

In *Mellen* v. *Whipple*, 1 Gray, 317, at page 321, one form

of a statement of the general rule respecting an action on a simple contract is given in these words: "There must be a privity of contract between the plaintiff and defendant, in order to render the defendant liable to an action, by the plaintiff, on the contract." The rule there was applied in bar of an action by a mortgagee on a promise to the vendor by the vendee of the equity of redemption to assume and cancel the mortgage on the premises conveyed. An exception to this general rule is also stated in 1 Gray, at page 322, in these words: "In some actions of this kind a recovery has been had, where the promise was to a third person for the benefit of the plaintiff; such action being an equitable one, that can be supported by showing that the defendant has in his hands money which, in equity and good conscience, belongs to the plaintiff, without showing a direct consideration moving from him, or a privity of contract between him and the defendant." There are many illustrations in our decisions of the general rule. *Exchange Bank of St. Louis* v. *Rice,* 107 Mass. 37, and cases there reviewed. *Borden* v. *Boardman,* 157 Mass. 410, and cases cited. *Clare* v. *Hatch,* 180 Mass. 194, 196. *New England Structural Co.* v. *James Russell Boiler Works Co.* 231 Mass. 274, 280. *Codman* v. *Deland,* 231 Mass. 344, 347. *Dahlstrom Metallic Door Co.* v. *Evatt Construction Co.* 256 Mass. 404, 413. The exception is illustrated by *Putnam* v. *Field,* 103 Mass. 556; *Attorney General* v. *American Legion of Honor,* 206 Mass. 158, 166; *Bianconi* v. *Crowley,* 256 Mass. 187, 189. See also *Sayer* v. *Wynkoop,* 248 N. Y. 54, 57. There are several instances, also, where relief has been afforded in equity on a principle somewhat analogous to the exception: *Boston* v. *Turner,* 201 Mass. 190, 194, 195, and cases there cited; *Forbes* v. *Thorpe,* 209 Mass. 570, 581; *Wickwire Spencer Steel Corp.* v. *United Spring Co.* 247 Mass. 565, 569; *Cunningham* v. *Commissioner of Banks,* 249 Mass. 401, 435. See *McKee* v. *Lamon,* 159 U. S. 317, 322. Although the present case is close to the line, we are of opinion that, in view of all the facts, it falls under the general rule and not within the exception. It is quite possible that circumstances may arise wherein the holder of a coupon may

bring an action against a depository of funds to pay it. But, in the case at bar, it cannot be said as matter of law that a finding would have been warranted that the defendant holds money which in equity and good conscience belongs to the plaintiff.

*Exceptions overruled.*