CENTRAL SUPPLY COMPANY & another *vs.* UNITED STATES FIDELITY AND GUARANTY COMPANY & others.

Worcester. September 23, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Bond,* Construction. *Contract,* Implied, Building contract. *Practice, Civil,* Parties.

The general, well established rule, that a person who is not a party to a contract and from whom no consideration moves may not sue upon it, applies in equity. Per SANDERSON, J.

One, who supplied to a contractor materials which were used in the work done by the contractor under a construction contract between him and a corporation owning a building, and who was not paid for such materials and did not establish his rights under the mechanic's lien

statute, could not enforce his claim for payment against the surety on a bond given by the contractor to the corporation and conditioned upon the contractor's faithfully performing the construction contract, saving the corporation harmless from all expense arising from his failure to perform it and paying "all persons who have contracts directly with the principal for labor or materials," where it appeared that, although the contractor had been adjudicated a bankrupt and the claimant knew that the bond had been given by him, the claimant did not know the terms of the bond and did not furnish the materials or refrain from establishing his rights under the mechanic's lien statute in reliance on such terms: the case was not within any recognized exception to the rule that only the parties to a contract may sue upon it.

CONTRACT OR TORT, changed by amendment to a BILL IN EQUITY. Writ dated May 24, 1928.

On motion by the plaintiff, the Roman Catholic Bishop of Springfield, a corporation sole, and Edward C. Viner subsequently were joined as defendants. Keasbey & Mattison Company was permitted to intervene as plaintiff. Demurrers by the defendant United States Fidelity and Guaranty Company to the bill and the intervening petition were heard by *Lummus*, J., by whose order interlocutory decrees were entered overruling them. The suit then was heard by *F. T. Hammond*, J. Material findings and a ruling by the judge are stated in the opinion. By his order a final decree was entered dismissing the bill and the intervening petition. The plaintiff and the intervening petitioner appealed.

*S. A. Seder,* (*S. Lurier* with him,) for the plaintiff and the intervenor.

*J. J. MacCarthy,* for the defendants.

SANDERSON, J. In this suit the plaintiff and intervening petitioner have appealed from a decree dismissing the bill. The plaintiff first brought an action at law, in tort or contract, afterwards amended into a bill in equity, in which it seeks to hold the United States Fidelity and Guaranty Company, referred to as the surety company, liable upon a bond executed by it. By amendments the Roman Catholic Bishop of Springfield, a corporation sole, described as the owner, and Edward C. Viner, designated as the contractor, were joined as parties defendant, and the Keasbey & Mattison Company was allowed to intervene.

By agreement dated November 22, 1926, between the owner and the contractor the latter agreed to perform the labor and provide the materials necessary to install a heating system in Sacred Heart School in Worcester. The contract, after providing that the contractor should not sublet or assign any portion of the contract except for the furnishing of materials, and after stating the contract price and arranging the terms of payment with the right to retain a part until thirty-six days after the work was completed, with other provisions for the protection of the owner from liens on the property, contained the following terms: " This contract is accompanied by a surety bond for the sum of $9,400, the said bond must cover the faithful execution and entire completion of this contract in all of its various parts and details, also for the full payment by this contractor and any and all of his subcontractors for the payment of any and all labor performed and furnished and any and all materials furnished and put in place in strict accordance with this contract, specifications and drawings. The owner will not be responsible for or pay for any labor or materials under this contract until the aforesaid bond is examined, approved, and accepted by the owner. The owner must and will personally select the bonding company who is to issue the builder's bond under this contract." In pursuance of this contract a bond was executed by the contractor as principal and the surety company as surety, running to the owner in the sum of $9,400, the condition of which was that " if the principal shall faithfully perform the contract on his part and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void, otherwise it shall remain in full force and effect." The plaintiff furnished

to the contractor materials which he used in carrying out his contract for the installation of a heating system in the school, and it has never been paid for these materials.

By a subsequent contract dated May 18, 1927, between the owner and contractor, the latter agreed to furnish all materials and labor and install in the new rectory a heating apparatus for a stated sum. This contract contained substantially the same provisions as the former one except that the amount of the bond was to be less. Acting in pursuance of this agreement the contractor, as principal, and the surety company, as surety, executed a bond running to the owner in the specified sum, with a condition in terms like those in the bond previously given. Under this agreement the plaintiff furnished to the contractor materials which were used in the installation of the heating apparatus in the rectory. The intervening petitioner also furnished the contractor materials which he used in carrying out his contract for the furnishing of the heating system in that building. Neither of these companies has been paid for the materials, and neither of them filed a claim for a lien upon the premises. The representatives of the plaintiffs knew that bonds were given by the contractor, but never saw the bonds or the contracts above referred to, and had no knowledge of their terms. The trial judge stated that he was unable to find that either company furnished the materials or refrained from claiming a mechanic's lien for them in reliance upon the provisions of the bonds. The contractor was petitioned into bankruptcy after he had completed his contract for the school. There was no evidence outside of the bonds and contracts themselves upon the question whether the parties understood and intended that the bonds should enure to the benefit of persons supplying materials to the contractor for use in carrying out his contracts. The trial judge ruled that neither the Central Supply Company nor the Keasbey & Mattison Company is entitled to bring suit against the surety upon these bonds.

There is a conflict of authority on the question whether laborers and materialmen are entitled to enforce their

claims against the surety on a contractor's bond. Where such a right to look to this security is recognized the reasons upon which it has been based are not always the same in different jurisdictions. The recent case of *Byram Lumber & Supply Co.* v. *Page,* 109 Conn. 256, contains a discussion of many cases on the subject and reaches the conclusion that a third party may sue on a bond containing a provision for his benefit if it appears from the terms of the bond, viewed in the light of the circumstances, that the purpose of the promise was to give such third party a right to proceed directly against the surety upon the bond and the court found this purpose in the condition in the bond to the effect that the principal contractor should pay all persons who have contracts directly with him for labor or materials. In the jurisdictions where laborers and materialmen are permitted to recover on a bond given by the contractor to the owner, this right is often based, as in the Connecticut case cited, upon interpreting the bond to mean that it was given with an intention to benefit laborers and materialmen. *Algonite Stone Manuf. Co.* v. *Fidelity & Deposit Co.* 100 Kans. 28, 34. *Concrete Steel Co.* v. *Illinois Surety Co.* 163 Wis. 41. *Hartford Accident & Indemnity Co.* v. *W. & J. Knox Net & Twine Co.* 150 Md. 40, 46. *Fidelity & Deposit Co.* v. *Rainer,* 220 Ala. 262. Recovery has been denied in many cases in which, upon a reasonable interpretation of the bond, no promise to pay laborers and materialmen was disclosed and the bond did not appear to have been given for their benefit. *Fosmire* v. *National Surety Co.* 229 N. Y. 44, 47. *Dayton Lumber & Manuf. Co.* v. *New Capital Hotel, Inc.* 222 Ky. 29. *Greene County* v. *Southern Surety Co.* 292 Penn. St. 304. *Sun Indemnity Co.* v. *American University,* 26 Fed. Rep. (2d) 556. *Crum* v. *Jenkins,* 145 S. C. 177. *Standard Gas Power Corp.* v. *New England Casualty Co.* 90 N. J. L. 570. *Cleveland Metal Roofing & Ceiling Co.* v. *Gaspard,* 89 Ohio St. 185.

The general rule that a person who is not a party to a contract and from whom no consideration moves may not sue upon it is well established in this Commonwealth.

*Mellen* v. *Whipple,* 1 Gray, 317.  *Exchange Bank of St. Louis* v. *Rice,* 107 Mass. 37.  The same rule obtains in equity.  *New England Structural Co.* v. *James Russell Boiler Works Co.* 231 Mass. 274.  *Pike* v. *Anglo-South American Trust Co.* 267 Mass. 130.  See *Dunbar* v. *Broomfield,* 247 Mass. 372, 382.  In *New England Structural Co.* v. *James Russell Boiler Works Co.* 231 Mass. 274, 279–280, the court said " it is settled by *Exchange Bank of St. Louis* v. *Rice,* 107 Mass. 37, that the person for whose benefit a promise is made to another person from whom alone the consideration moves, cannot maintain an action against the promissor, ' unless either the latter has also made an express promise to the plaintiff or the promisee acted as the plaintiff's agent merely.' "  *Pike* v. *Anglo-South American Trust Co., supra.  Ehrlich* v. *Johnson Service Co.* 272 Mass. 385.

In *Mellen* v. *Whipple,* 1 Gray, 317, 322, an exception to the general rule is recognized, permitting a plaintiff to recover on a promise made to a third person for his benefit if he can show that the defendant " has in his hands money which, in equity and good conscience, belongs to the plaintiff, without showing a direct consideration moving from him, or a privity of contract between him and the defendant."  *Bianconi* v. *Crowley,* 256 Mass. 187, 189.  In *Putnam* v. *Field,* 103 Mass. 556, 557, the court said: " Under such circumstances, the law implies a promise to the defendant to pay him the money which in equity and good conscience belongs to him, and he can maintain an action of contract for money had and received to his use, though there is no express promise to him and the consideration does not move directly from him. The law creates the privity, and implies the promise." See *Forbes* v. *Thorpe,* 209 Mass. 570.

The case of *Hunter* v. *Boston,* 218 Mass. 535, 538, in holding that materialmen could not recover against the surety on a contract bond presents a close analogy to the case at bar.  The plaintiff furnished materials in the construction of a bathhouse which a contractor had agreed to build for the city.  The contractor, when adjudicated a

bankrupt, was indebted to the plaintiff for the materials. The city retained a large sum of money, under a provision in the contract, to settle claims for material or labor furnished for carrying on the contract, and also took a bond by the terms of which the contractor was to " faithfully furnish and do everything therein required of " him. This, as the court states at page 538, " would seem to mean ' faithfully furnish the material and do the work required of him by the contract.' " The plaintiff brought a bill in equity against the city and the surety, contending that both the money retained and the bond were obtained by the officers of the city in compliance with St. 1909, c. 514, § 23. It was held that this provision of the statute, requiring that sufficient security for those furnishing material or performing labor for the construction of a public building for a city shall be obtained " by bond or otherwise," was complied with by the provision of the contract for the retention of money and that, provision having thus been made, the bond of the surety company was not required by or given under the statute; and consequently that, when the contractor had become a bankrupt, a materialman to whom the contractor owed an unpaid balance had no remedy on the bond or against the surety company. See *Loonie* v. *Wilson,* 233 Mass. 420.

The facts in this case do not bring it within the terms of any exceptions recognized in this Commonwealth to the rule that only parties to a contract may sue upon it. The decisions of this court to which reference has been made would seem decisive of the case at bar even though the fulfillment of the obligations of the contracts and bonds would be a benefit to laborers and materialmen.

*Decree affirmed with costs.*