MANUEL J. LIPSON, trustee in bankruptcy, *vs.* BESSIE S. PURTELL.

Essex.   December 12, 1933. — March 25, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Contract,* Implied.   *Agency,* Scope of authority, Agent's liability to principal.

An action for money had and received by the defendant to the plaintiff's use could not be maintained by an employer against one of his employees on evidence showing merely that money was withdrawn from the plaintiff's bank account on a check signed by the defendant

in favor of a third person, there being no evidence that the defendant ever received any of such money or its equivalent for his use.

At the trial of an action of contract by an employer against one of his employees, who had general power to sign checks on the plaintiff's bank account, for the amount of a check thereon in favor of a third person, alleged to have been signed by the defendant without authority, the burden of proving such lack of authority was on the plaintiff; and the evidence did not warrant a finding that the plaintiff had sustained that burden.

CONTRACT, originally by James P. Mahoney, trustee in bankruptcy. Writ dated February 1, 1932.

The action was tried in the Superior Court before *Donnelly*, J. Material evidence is stated in the opinion. The judge denied a motion by the plaintiff that a verdict be ordered in his favor, and ordered a verdict for the defendant. The plaintiff alleged exceptions. Upon the death of Mahoney, Manuel J. Lipson, succeeding trustee in bankruptcy, was substituted as plaintiff.

*E. C. Jacobs*, for the plaintiff, submitted a brief.

*R. B. Owen*, for the defendant.

FIELD, J. This is an action of contract brought in the Superior Court by the trustee in bankruptcy of George C. Vaughan, junior, and Norman D. Vaughan, doing business as Vaughan Brothers. The declaration is in three counts, the first for money had and received by the defendant in the amount of $3,500; the second for money had and received by her in the amount of $6,500, being separate causes of action; and the third — a count for the same cause of action as the first and second counts combined — alleged in substance that the defendant, having power to sign checks of the partnership, executed checks for the aggregate amount of $10,000 to the order of the Donn D. Sargent Co., Inc., without the knowledge, authority or assent of the partnership. The plaintiff's motion for a directed verdict was denied and a verdict was directed for the defendant, and the plaintiff excepted. Other exceptions are not argued and we treat them as waived.

There was no error.

There was evidence that the defendant, having power to sign checks on a bank account in the name of the partner-

ship, signed checks thereon for the amounts, respectively, of $3,500 and $6,500 in favor of the Donn D. Sargent Co., Inc., by which these amounts of money were withdrawn from the account in the name of the partnership. But there was no evidence that the defendant ever received any of this money, or its equivalent, for her use and in default of such evidence a verdict for the plaintiff was not warranted on the first or the second count of the declaration. *Burbank* v. *Farnham*, 220 Mass. 514, 519. *Bianconi* v. *Crowley*, 256 Mass. 187, 190.

The plaintiff's case on the third count of the declaration rests on the defendant's having signed the checks in suit without authority — the defendant admittedly having power to sign checks. The burden of proof of the defendant's lack of authority was on the plaintiff. There was testimony tending to show that the defendant was directed to sign these checks by George C. Vaughan, senior, and that he, being in charge of the finances of the partnership, had authority, actual or apparent, to give such directions to the defendant. Though this testimony might have been disbelieved, the evidence is not sufficient to support an affirmative finding to the contrary on either point. The evidence that the defendant knew that the partnership was not indebted to the Donn D. Sargent Co., Inc., in connection with the other evidence, does not go far enough to show that George C. Vaughan, senior, had neither actual nor apparent authority to direct the defendant to sign the checks. A verdict for the plaintiff, therefore, was not warranted on the third count of the declaration.

*Exceptions overruled.*