Morton, J.
This is an action of contract to recover the sum of $300 under the circumstances hereinafter set forth. The answer was a general denial, and further that the promise was unenforceable under the provisions of the Statute of Frauds.
*173 The evidence tended to show that one Oliver Desjardins was the owner of real estate subject to a first mortgage; that the plaintiff and defendant loaned him money to the amount respectively of $300 and $700; that the plaintiff, in an effort to secure himself in some way for the payment of the amount so advanced, arranged a meeting between himself, the defendant, and the aforesaid Oliver Desjardins, in consequence of which it was arranged that Oliver should give a second mortgage to the defendant in the sum of $1,000, and the defendant agreed that, if that were done, he would pay the plaintiff the sum of $300. Two hundred dollars ($200) of the indebtedness from Oliver to the plaintiff was evidenced by a memorandum in writing. The promise of the defendant to pay the plaintiff was oral.
The defendant duly filed several requests for rulings. Those allowed indicate that the trial court had correct principles of law in mind relative to novation. The first three requests which were denied are as follows:
“1. That the alleged contract between the plaintiff and the defendant is not enforceable in law for the reason that no consideration is alleged nor proven between the plaintiff and the defendant.
2. That the alleged oral promise of the defendant to the plaintiff to pay the indebtedness of Oliver Desjardins is unenforceable under the statute of fraud as outlined in G. L. Ch. 259, §1, for the reason of not being evidenced by any writing by the defendant or by someone authorized by him.
3. The defendant having pleaded the statute of fraud, the burden rested upon the plaintiff either to prove a memorandum sufficient to satisfy the statute or to prove an original promise by the defendant to which the statute does not apply.”
No findings of fact were made except that, by virtue of the denial of the ninth request of the defendant, it is to be presumed that the court found that the promise of the defendant was not to make payments solely out of the proceeds of the mortgage given to him.
*174 We can see no way in which this action can be maintained. •As the promise of the defendant is to pay the debt of another and there is no memorandum in writing as evidence of such promise, the Statute of Frauds G. L. Ch. 259, §1, clause 2 is a bar to the prosecution of the action, unless it can be proved that the debt of Oliver to the plaintiff was extinguished by a novation. Colpitts v. L. C. Fisher Co. 289 Mass. 232. We think the evidence would hardly warrant a finding that the debt was so extinguished. The record is bare of any evidence relative thereto, except that the plaintiff retained in his possession such evidence of the indebtedness as existed. Such intention, while not conclusive, is at least some evidence that the debt was not extinguished and, from the facts reported, an inference that the debt was extinguished would not be warranted.
In the absence of proof of a novation, the case resolves itself into a mere promise to the aforesaid Oliver to pay the amount of his debt to the plaintiff. Such a promise cannot be enforced by a third party, the plaintiff in the instant case, as there was no privity of contract between the plaintiff and the defendant. In Mellen v. Whipple, 1 Gray, 317 the court says at page 321:
‘ ‘ There must be a privity of contract between the plaintiff and defendant, in order to render the defendant liable to an action, by the plaintiff, on the contract. ’ ’
In Pike v. Anglo-South American Trust Co., 267 Mass. 130 the court says at page 132, with reference to the rule above quoted:
“The rule there was applied in bar of an action by a mortgagee on a promise to the vendor by the vendee of the equity of redemption to assume and cancel the mortgage on the premises conveyed.”
It would appear that the plaintiff in the instant case is in no more favorable position than the mortgagee in the sitúa *175 tion above referred to. Again in Dahlstrom Met. Door Co. v. Evatt Cons. Co., 256 Mass. 404 the court says at page 413:
“It is a general rule of law that one who is not a party to a contract cannot maintain a suit upon it.”
Thus the plaintiff is barred even if the undertaking of the defendant was to pay him the sum of $300 and not merely to pay the debt of Oliver Desjardins to the plaintiff. "We refer to this because apparently the court, in Crowley v. Whittemore, 255 Mass. 99, draws a distinction between such promises.
Notwithstanding the finding of the trial court and the disposition of the ninth request above referred to, we think that the plaintiff is in a position similar to a mortgagee where a vendee from the mortgagor has assumed and agreed to pay the mortgage.. Under those circumstances the mortgagor' has no rights against the vendee at law, but may under other circumstances enforce in equity against the vendee the promise which he made to the vendor. If, for instance, the defendant in the instant case had collected the amount of the mortgage note, he would then have in his hands money which, in equity and good conscience, would belong to the plaintiff. This situation might entitle the plaintiff successfully to enforce, in equity, the promise of the defendant. Bloch v. Budish, 279 Mass. 102.
With special reference to the third request of the de- • fendant, there was no memorandum sufficient to satisfy the statute, as we have already stated, and there was no proof of an original promise by the defendant to which the statute does not apply.
For reasons hereinbefore set forth, we think that it was prejudicial error to deny the first three requests for rulings above set forth. In consequence thereof an order will be entered vacating the finding for the,plaintiff and directing that judgment be entered for the defendant.