**MAHONEY v. BETHLEHEM ENGINEERING CORPORATION.**

District Court, S. D. New York.
April 19, 1939.

Alexander & Schwach, of New York City (Jacob J. Alexander, of New York City, of counsel), for plaintiff.

Henry Goldstein, of New York City, for defendant.

LEIBELL, District Judge.

The plaintiff in this action is the trustee in bankruptcy of the Eastern Distilleries Corporation, a corporation organized under the laws of the State of Delaware and with its principal place of business at the times mentioned in the complaint, in the State of Massachusetts. Plaintiff was elected and appointed as said trustee in the bankruptcy proceedings of Eastern Distilleries Corporation in the United States District Court for the District of Massachusetts .after the adjudication of the corporation as a bankrupt on January 5, 1938. The defendant is a New York corporation, with its principal place of business in said State.

The defendant has made this motion under the Federal Rules of Civil Procedure (1) to dismiss the above-entitled action because the complaint fails to state a claim upon which relief can be granted, Rule 12 (b) (6), 28 U.S.C.A. following section 723 c; (2) to dismiss the action because of a non-joinder of parties; (3) to strike out specified paragraphs of the complaint on the ground that they are immaterial, Rule '12(f); (4) to direct the plaintiff to serve a bill of particulars, Rule 12(e). The cause of action alleged in the complaint is for the breach of a contract to loan money. The agreements under which the advances were to be made by the defendant to the Eastern Distilleries Corporation were executed by two majority stockholders of the Eastern Distilleries Corporation, on the one hand, and by the defendant, on the other. The Eastern Distilleries Corporation was not a party to the agreements.

"* * * a breach of contract to make a loan, standing by itself, involves no legal damage. * * * The prospective borrower, however, may recover the special damage which an inability to obtain the money, under the peculiar circumstances of his case, has actually caused him." Avalon Constr. Corp. v. Kirch Holding Co., 256 N.Y. 137, 175 N.E. 651, 652. The complaint contains allegations that, upon their face, are sufficient to show special damage.

However, defendant contends that this contract was to be wholly performed in Massachusetts and that the law of Massachusetts should apply. Further, that under the Massachusetts law (Mellen v. Whipple, 1 Gray, Mass., 317; Central Supply Co. v. United States Fidelity & Guar. Co., 273 Mass. 139, 173 N.E. 697), since the bankrupt was not a party to the agreements, it cannot sue upon them. Plaintiff contends that the contract was made in New York, was to be at least partially performed here, and that plaintiff may sue on the contract as a third party beneficiary under the line of cases following Lawrence v. Fox, 20 N.Y. 268. See Seaver v. Ransom, 224 N.Y. 233, 120 N.E. 639, 2 A.L.R. ·1187. I find it impossible to determine from the complaint or from the two agreements annexed thereto where the alleged agreements were made or where the monies were to be advanced. A motion to dismiss a complaint for failure to state a claim should be decided upon the complaint alone, or, if a bill of particulars has been served, upon the complaint as supplemented by the bill of particulars. Reilly v. Wolcott, S.D.N.Y.,[1] decided March 27, 1939. In view of the absence of allegations necessary for its determination, I am of the opinion that the motion to dismiss the complaint for failure to state a

---

[1] No opinion for publication.

claim upon which relief can be granted should be denied without prejudice, and that the plaintiff should be directed to serve a bill of particulars setting forth the place where it is claimed the alleged contracts were made and where the monies were to be advanced. The demand for a bill of particulars covers the first of these items; the latter is directed to be included in the bill. Upon the service of the bill of particulars, as hereinafter provided, the defendant may renew this motion, if it so desires.

The motion to dismiss the complaint because of a non-joinder of parties is stated to be based upon the fact that William Pitt Mason, Jr., and Nathan Wolf, the afore-mentioned stockholders of the bankrupt who signed the agreements with the defendant, are not parties to this action. At this stage it would seem that they are "necessary" rather than "indispensable" parties. The failure to join them does not warrant a dismissal of the complaint (Wyoga Gas & Oil Corp. v. Schrack, D.C. M.D.Pa., 27 F.Supp. 35, decided April 3, 1939); but rather that they be joined as parties as provided by Rule 19. However, I am of the opinion that the more practical solution is to deny this part of the motion without prejudice, so that it may be renewed on a proper showing at the same time that the motion is renewed to dismiss the complaint for failure to state a claim.

The motion to strike out immaterial matter is addressed to a number of the paragraphs in the complaint. Granting the motion would strike out all allegations relating to the contracts allegedly made between Mason and Wolf and the defendant, for the benefit of the bankrupt, with the result that the complaint would be rendered meaningless. It would, in effect, amount to a dismissal of the complaint. This result evidences the materiality of the allegations in the complaint to which objection is made. Accordingly, that part of the motion is denied.

Defendant moves for a bill of particulars and sets forth the items on which the particulars are sought. On the argument of this motion plaintiff made no objection to granting the particulars, but in view of the fact that this action is brought by plaintiff as a trustee in bankruptcy, plaintiff requested thirty days in which to serve the bill and asked permission to state lack of knowledge, under oath, in lieu of furnishing some of the particulars. Under the circumstances I am of the opinion that these requests are reasonable, and that this part of the motion should be granted, subject to these conditions.

Submit order in accordance with this opinion, on two days' notice.