In re EASTERN DISTILLERIES CORPORATION.

MAHONEY v. BETHLEHEM ENGINEERING CORPORATION.

District Court, S. D. New York.
Oct. 28, 1942.

See, also, 27 F.Supp. 865.

Alexander & Schwach, of New York City, for plaintiff.

Henry Goldstein, of New York City, for defendant.

RIFKIND, District Judge.

The action is for breach of a contract to loan money. Defendant moves (1) to "dismiss the action" on the ground that the complaint as amplified by a bill of particulars fails to state a claim upon which relief can be granted, Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; (2) to "dismiss the action" for non-joinder of parties; and, in the alternative, (3) to strike out certain portions of the complaint on the ground that they are immaterial, Rule 12(f); and (4) for a further bill of particulars, Rule 12(e)..

The complaint as amplified by the bill of particulars alleges that plaintiff, a citizen of Massachusetts, is the bankruptcy trustee of Eastern Distilleries Corporation, a Delaware corporation, owner and operator of a distillery in the State of Massachusetts. Defendant is a New York corporation engaged in business in that state. Two stockholders of Eastern, owning and controlling all its common shares and all its outstanding preferred shares, entered into agreements with defendant whereby the latter agreed to loan money to Eastern on terms and conditions therein stated. Eastern "ratified and confirmed" the agreement made by its stockholders and "agreed to be bound by the terms and conditions thereof"; and Eastern, "because of said agreement" of the stockholders "to cause it to do so, and acting under the supervision" of the defendant, pursuant to one of the agreements, "did and performed" the things required of it by the agreements. After partial performance defendant refused to continue and breached its agreement, to the damage of Eastern.

Defendant asserts several grounds for the claimed insufficiency of the complaint. They will be considered in turn.

The first contention is that the agreement is performable in Massachusetts, is, therefore, subject to the laws of Massachusetts, 13 C.J. 247; 17 C.J.S., Contracts, § 12; Story, Conflict of Laws, 7th Edition, section 280; Fish v. Delaware, L. & W. R. Co., 1914, 211 N.Y. 374, 382, 105 N.E. 661; Curtis v. Delaware, L. & W. R. Co., 1878, 74 N.Y. 116, 30 Am.St.Rep. 271; and by that law a third party beneficiary of a contract may not sue the promissor. Mellen v. Whipple, 1854, 1 Gray, Mass., 317; Central Supply Co. v. United States F. & G. Co., 1930, 273 Mass. 139, 173 N.E. 697.

This contention must fail for several reasons. Nowhere does it appear on the face of the complaint that the agreement must be performed in Massachusetts. It does appear from the bill of particulars that the agreements were executed in New York at defendant's place of business. In

its original demand for a bill of particulars defendant did not inquire where the agreement to loan money was to be performed. However, the order entered on the motion for a bill of particulars contained a direction that that information be stated. Plaintiff's bill has complied with that direction only to the extent of stating that the weekly budgets required to be supplied by Eastern to defendant were "delivered to defendant at its New York office", and that the monies called for by the budget were "sent from New York to Eastern". Even if we construe these allegations most favorably to defendant's contention, the best we can say is that the actual conduct of the parties gives ambiguous and equivocal answers as to the place where the contract was to be performed. The contract itself fails to specify a place of performance. We, therefore, find no such contractual intention as should cause us to depart from the usual rule that lex loci contractus governs. In an effort to meet the logic of this argument, defendant suggests that since the act of "ratification" occurred in Massachusetts the contract should be deemed to have been made in that state. But if we are right in holding that the contract between the defendant and the stockholders was governed by New York law, then it would seem that Eastern could not unilaterally change it and subject it to the law of Massachusetts.

Even if we assume that the contract is governed by the law of Massachusetts,[1] it does not follow that plaintiff is without standing to sue within the established exceptions to the Massachusetts rule. Mellen v. Whipple, 1854, 1 Gray, Mass., 317; Central Supply Co. v. United States F. & G. Co., 1930, 273 Mass. 139, 173 N.E. 697; 2 Williston on Contracts, revised edition, paragraph 367.

■ In a very real and practical sense a substantial part of the consideration for defendant's promise to advance the money flowed, not from the stockholders, but from Eastern. Thus the stockholders agreed to cause Eastern Distilleries Corporation to enter into a contract with a rectifier on certain defined terms; to secure proper licenses; to contract for steam on specified terms; to submit to defendant for its approval a weekly budget estimate; to deliver to defendant Eastern's 6% demand notes and such collateral as defendant deemed necessary. By supplemental agreement the stockholders agreed to cause Eastern to employ defendant as "superviser of operations" of Eastern for a defined compensation.

The complaint alleges that Eastern did all these things; and, furthermore, executed and delivered to defendant a mortgage covering certain of its property. We may say that technically the consideration for defendant's promise to advance money was the stockholders' promise to cause Eastern to do the specified acts; or we may more realistically state that part at least of the price for defendant's promise was the package of acts which were to be performed by Eastern. This is especially true since defendant's obligation to advance money did not mature until these various acts were performed.

In Mellen v. Whipple, supra, the Massachusetts rule was stated thus: "That general rule is, and always has been, that a plaintiff, in an action on a simple contract, must be the person from whom the consideration of the contract actually moved, and that a stranger to the consideration cannot sue on the contract". I cannot persuade myself that Eastern is a "stranger to the consideration".

One of the exceptions to the Massachusetts rule is where there is a "nearness of relation" between the promisee and the beneficiary. Mellen v. Whipple, supra. Unless forbidden by Massachusetts authorities, which have not been called to my attention, I should have no trouble in finding such a relation between the sole stockholder of a corporation and the corporation.

Defendant contends that even if New York law governs, the complaint is insufficient because it alleges a promise to make a loan payable on demand. This argument need not detain us since the complaint amply alleges special damages. Avalon Construction Corp. v. Kirch Holding Co., 1931, 256 N.Y. 137, 175 N.E. 651. Moreover, the loans were not strictly demand loans, for the contract provided "that at the request

---

[1] In view of the conclusion I have reached I omit any consideration of the question whether this Court may take judicial notice of the law of Massachusetts. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487; compare Waggaman v. General Finance Co., 3 Cir., 1940, 116 F.2d 254, and Gallup v. Caldwell, 3 Cir., 1941, 120 F.2d 90.

of the stockholders the contractor [defendant] will accept in payment of such demand notes a°6% ninety (90) day note of the Eastern Distilleries Corporation".

The motion to dismiss for non-joinder of the contracting stockholders must be denied. They are clearly not indispensable parties; and even if they ought to be joined, their non-joinder does not warrant dismissal. Rules 19 and 21, Federal Rules of Civil Procedure.

The motion to strike out certain portions of the complaint on the ground of immateriality is without merit and must be denied.

Items 1 and 4 of the motion for a bill of particulars are allowed. The remaining items have either been sufficiently covered in the prior bill or are unnecessary to enable the defendant to plead. Settle order on notice.