Cox, J.
This is an action of contract in two counts. A separate cause is alleged in each count. The defendant demurred to Count 1 and filed an answer in abatement and motion to dismiss Count 2. After a hearing the judge over-
ruled the defendant’s demurrer, answer in abatement and motion to dismiss, and at the defendant’s request reported the case for our determination.
Count 1 alleges that the plaintiff was employed as an office manager of Postal Telegraph and Cable Company from October, 1942 to November 6, 1943. Her rate of pay was sixty-two cents an hour for a week of forty-eight hours.
On or about November 6, 1943, the Postal Telegraph and Cable Company merged with the defendant Western Union Telegraph Company. By the terms of the agreement of merger all the employees of Postal Telegraph were to be absorbed by Western Union without loss of pay.
On November 20, 1943, after the merger, the plaintiff was given a rating of clerk-operator and her pay was es *96 tablished at fifty-two cents an hour for a week of forty-eight hours. The plaintiff continued in her employment in that position and at that rate of pay until September 20, 1944, when she terminated her employment and entered the military service of the United States.
The plaintiff now claims that because of the agreement of merger and the Act of Congress under which it was consummated, the defendant owes her for the time she was in its employ the difference between her rate of pay as office manager of Postal Telegraph and the lower rate paid her as clerk-operator by the defendant.
The defendant’s demurrer to Count 1 is on the ground that the plaintiff cannot avail herself of the provision in the agreement of merger against loss of pay because she was not a party to the agreement.
The demurrer to Count 1 should have been sustained. Count 1 fails to state a cause of action against the defendants. The plaintiff does not allege that she was a party to the agreement of merger either as an individual participant or by virtue of participation in the agreement of merger by a bargaining representative in her behalf. Execution of the agreement of merger by a bargaining representative in behalf of the plaintiff and other employees would have produced a different result. Hamer v. Nashawena Mills Inc., 315 Mass. 160. The case is governed by a familiar rule.
“The general rule that a person who is not a party to a contract and from whom no consideration moves may not sue upon it is well established in this Commonwealth. Mellen v. Whipple, 1 Gray, 317; Exchange Bank of St. Louis v. Rice, 107 Mass. 37. The same rule obtains in equity. New England Structural Co. v. James Russell Boiler Works Co., 231 Mass. 274; Pike v. Anglo-South American Trust Co., 267 Mass. 130. See Dunbar v. Broomfield, 247 Mass. 372, 382. In New England Structural Co. v. James Russell *97 Boiler Works Co., 231 Mass. 274, 279-280, the court said ‘it is settled by Exchange Bank of St. Louis v. Rice, 107 Mass. 37, that the person for whose benefit a promise is made to another person from whom alone the consideration moves, cannot maintain an action against the promissor, ‘unless either the latter has also made an express promise to the plaintiff or the promisee acted as the plaintiff’s agent merely. ’ ” Pike v. Anglo-South American Trust Co., supra; Ehrlich v. Johnson Service Co., 272 Mass. 385.
“In Mellen v. Whipple, 1 Gray, 317, 322, an exception to the general rule is recognized, permitting a plaintiff to recover on a promise made to a third person for his benefit if he can show that the defendant ‘has in his hands money which, in equity and good conscience, belongs to the plaintiff, without showing a direct consideration moving from him, or a privity of contract between him and the defendant. ’ Bianconi v. Crowley, 256 Mass. 187, 189. In Putnam v. Field, 103 Mass. 556, 557, the court said: ‘Under such circumstances, the law implies a promise to the defendant to pay him the money which in equity and good conscience belongs to him, and he can maintain an action of contract for money had and received to his use, though there is no express promise to him and the consideration does not move directly from him. The law creates the privity, and implies the promise. ’ See Forbes v. Thorpe, 209 Mass. 570.”
The foregoing is quoted from Central Supply Co. v. U. S. Fidelity & Guaranty Company, 273 Mass. 139, 143-144. See also Forbes v. Thorpe, 209 Mass. 570, 581; Bianconi v. Crowley, 256 Mass. 187, 189; Pike v. Anglo-South American Trust Co., 267 Mass. 130, 131 (a case as appealing as the instant one but nevertheless held to be within the general rule); Block v. Budish, 279 Mass. 102, 107; Everett Factories & Terminal Corporation v. Oldetyme Distillers Corporation, 300 Mass. 499, 508, 509; Savage v. Friedberg, 322 Mass. 321, 323.
*98 There are exceptions to the rule based to some extent on legal fiction, and it may with some justification be observed that the exceptions are now encumbered by the general rule rather than the general rule by the exceptions. But our duty is to follow the law and not to make it, therefore, we must hold to the rule. For cases illustrating the exceptions to the rule see Mellen v. Whipple, 1 Gray (67 Mass.), 317; Wickwire Spencer Steel Corporation v. United Spring Company, 247 Mass. 565, 569; Lundblad v. New. Amsterdam Casualty Co., 265 Mass. 158, 162; Ashley v. Collins, 292 Mass. 67, 71; Green v. Green, 298 Mass. 19, 20; Johnson-Foster Company v. D’Amore Construction Co., 314 Mass. 416, 422.
The plaintiff is not aided by reliance either on the national Communications Act or the federal Fair Labor Standards Act. The merger of Postal Telegraph with Western Union was made pursuant to an enabling act of Congress, the Communications Act. U. S. C. A., Title 47, § 222. Section 222 (f) of that act contains certain provisions for the protection of employees, like the plaintiff, who should become involved in the merger. The portion of section 222 applicable to this case appears to be (f) (7), which, in substance provides, that no employee of a party to the merger shall, without his consent, have his compensation reduced within a period of four years following governmental approval of the merger. Said section 222 in (f) (10) provides that
“For purposes of enforcement or protection of rights, privileges, and immunities granted or guaranteed under this subsection, the employees of any such consolidated or merged carrier shall be entitled to the same remedies as are provided by sections 151-166 of Title 29 in the case of employees covered by said sections; and the National Labor Relations Board and the courts of the United States (including the courts of the District of Columbia) shall have jurisdiction and pow *99 er to enforce and protect such rights, privileges and immunities in the same manner as in the case of enforcement of the provisions of sections 151-166 of Title 29.” (National Labor Relations Act.)
The National Labor Relations Act, U. S. C. A., Title 29, § 160, confers upon the National Labor Relations Board certain powers to prevent unfair labor practices including the right to correct such unfair practices by proceedings in federal courts.
If it be assumed that the plaintiff in the case at bar is the victim of an unfair labor practice by her employer under federal law, nevertheless, it seems clear, as the defendant contends, that the plaintiff must look to the Acts of Congress not only for the determination of the unfair action against her by her employer but for her remedy as well.
In the case of Pehlert v. Western Union Telegraph Co., 64 Fed. Supp. 228 (District Court, E. D., Penna., 1945), the United States District Court dismissed a similar action under the merger provisions of the Communications Act on the ground that the act conferred no jurisdiction on the District Court beyond that which it already had under the National Labor Relations Act to review and enforce a final order of the Board in cases in which the Circuit Court of Appeals are in vacation. That decision is authority for the legal proposition that application to the National Labor Relations Board is the plaintiff’s primary and exclusive remedy. Exhaustion of administrative remedies must be demonstrated before recourse to the courts may be had. Sunshine Anthracite Coal Company v. Adkins, 210 U. S. 381, 404; United States v. Ruzicka, 329 U. S. 287; Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U. S. 752, 767. Neither the Communications Act nor the National Labor Relations Act confers any jurisdiction on the state courts in this matter. Schaffer v. Leimberg, 318 Mass. 394, 402.
*100 The second count of the plaintiff’s declaration alleges employment with the defendant as clerk-operator from November 20, 1943 to September 20, 1944, at the rate of pay ■ of fifty-two cents an hour for a week of forty-eight hours. After the plaintiff had ceased to be employed by the defendant, the union of which the plaintiff was not a member effected an agreement as bargaining agent for the employees under which the wages of all employees were increased twelve and one-half cents an hour retroactively to November 1, 1943. In this count the plaintiff makes claim for this increase during the time she was employed.
What has been said with reference to the first count is equally applicable to count 2. The same principle of law is raised. The plaintiff was not an employee at the time the union effected the retroactive increase in wages so that it cannot even be said that the agreement purported to be in her behalf.
The lack of a cause of action is apparent in count 2. While the point could have been raised by demurrer, it can also be raised by a motion to dismiss, the lack of a cause of action being apparent in the pleadings. Furlong v. Cronan, 305 Mass. 464; Putnam Furniture Building, Inc. v. Commonwealth, 323 Mass. 179, 181. As the defendant’s answer in abatement sets forth no facts not already apparent on the record “It is in substance a motion to dismiss founded solely upon the then state of the record and should be treated as such.” Summers v. Boston Safe Deposit & Trust Co., 301 Mass. 167, 169; Tobin v. Downey, 310 Mass. 721, 722. The defendant’s motion to dismiss count 2 should have been allowed.
An order is to be entered reversing the action of the judge overruling the defendant’s demurrer to count 1 and the defendant’s motion to dismiss count 2. While it is difficult to imagine that there may be facts not already pleaded which might state a cause of action consistent with this *101 opinion, nevertheless as there is a possibility that there may be such facts, the plaintiff shall have ten days from the entry of the order hereunder to file an amended declaration otherwise judgment is to be entered for the defendant on both counts. See Keljikian v. Star Brewing Co., 303 Mass. 53, in which the practices relating to demurrers is exhaustively considered.