HARRY M. EHRLICH, trustee in bankruptcy, *vs.* JOHNSON SERVICE COMPANY.

SAME *vs.* NIGHTINGALE & CHILDS COMPANY.

SAME *vs.* ARCHIBALD G. FLETCHER.

Hampden.    May 13, 1930. — July 31, 1930

Present: RUGG, C.J., CROSBY, CARROLL, PIERCE, & SANDERSON, JJ.

*Bankruptcy*, Lien, Preference. *Lien*. *Contract*, Construction. *Agency*, Existence of relation. *Notice*.

A construction contract in writing between a railroad corporation and a contractor provided that the contractor should pay for all labor and materials used in the work, whether such work were done by him or by any subcontractor; and that, if he should fail to make such payments, the railroad corporation should have the right to apply any funds in its hands due to him to the payment of such obligations. ·The contractor in his contracts with subcontractors did not attempt to make any provision for their benefit out of the payments due him under the construction contract. The contractor subsequently became insolvent and made an assignment for the benefit of his creditors, notice of which was received by a subcontractor to whom he was then indebted for labor and materials used in the work. About a month later the railroad corporation paid the subcontractor in full out of money due the contractor but retained by it under another clause of the contract. The contractor was adjudicated a bankrupt within four months after such payment. The subcontractor never took any steps to preserve any rights which he may have had under G. L. c. 254. In an action thereafter brought by the contractor's trustee in bankruptcy against the subcontractor to recover the amount of such payment as a preference, it was *held*, that

    (1) Whether the defendant had a lien within the meaning of § 67d of the national bankruptcy act, as amended, was a question to be determined by the laws of this Commonwealth;

    (2) There was no promise to pay the defendant out of any particular fund: the right of the railroad corporation under the construction

contract to pay claims for labor and material out of funds due the contractor in its hands was inserted in, that contract solely for the protection of the railroad corporation against possible mechanics' liens upon its property, and did not create any obligation on its part to make such payments;

(3) The circumstances did not show that the defendant was intended to have a lien of any kind as security for sums due to him;

(4) The defendant had no lien upon the fund out of which he was paid;

(5) The railroad corporation acted as the contractor's agent in making payment to the defendant;

(6) The defendant, by reason of having received notice of the assignment by the contractor for the benefit of his creditors, had reasonable cause to believe that the contractor was insolvent;

(7) Being an unsecured creditor, the defendant, by receiving payment in full from the railroad corporation, received a greater percentage of his claim than did other unsecured creditors; and such payment constituted a voidable preference under § 60a and b of the national bankruptcy act;

(8) The plaintiff was entitled to recover.

THREE ACTIONS OF CONTRACT OR TORT. Writs in the first two actions dated April 12, 1928, and in the third action May 1, 1928.

The actions were heard together in the Superior Court by *Greenhalge*, J., without a jury, upon an agreed statement of facts, material portions of which appear in the opinion. The judge found for the defendant in each action and judgments were entered accordingly. The plaintiff appealed in each action.

The cases were submitted on briefs.

*H. M. Ehrlich, J. G. Gottesman, & J. L. Dowd,* for the plaintiff.

*J. H. Jones, T. W. Ellis, & J. H. Mitchell,* for the defendants.

CROSBY, J. These are actions of contract for the recovery of preferences brought by the trustee in bankruptcy of The Hampden Plumbing and Heating Company. The cases were submitted to a judge of the Superior Court on an agreed statement of facts, and in each case there was a finding for the defendant. Judgments were entered for the defendants and the plaintiff appealed.

It is agreed that in May, 1925, The Hampden Plumbing

and Heating Company, hereinafter called the company, entered into an agreement with the New York Central Railroad Company, hereinafter called the railroad, pursuant to which the company furnished a surety bond; copies of the contract and of the bond are annexed to the agreed statement of facts. On January 20, 1927, an involuntary petition in bankruptcy was filed against the company. On February 2, 1927, the company was adjudicated bankrupt and on March 4, 1927, the plaintiff was appointed trustee and, having qualified as such, he is authorized to prosecute these actions. On January 12, 1927, the sums mentioned in the declarations were overdue; these sums were owed by the company to the respective defendants as subcontractors on the heating and ventilating work being done under the contract, and were for labor and materials. On January 12, 1927, as a result of applications to it by the defendants, the railroad paid them the sums mentioned in the respective declarations out of moneys due the company from the railroad, but retained by it under the fifteen per cent clause of paragraph thirty-three of the contract. The defendants, together with B. F. Sturtevant Company, and Mid-West Air Filters, Inc., were on January 12, 1927, and ever since have been, the only creditors of the company whose claims were for or on account of labor and materials furnished to the company under its contract with the railroad, and all five were paid by agreement *pro rata* from funds held by the railroad under the provisions of the contract above referred to. At the time of said payments, the company was hopelessly insolvent, and on December 24, 1926, it had made a common law assignment for the benefit of creditors. Notice of this assignment was sent to the defendants on the same day, and was received by them in due course of mail. On or about May 26, 1927, the trustee in bankruptcy demanded of the defendants a return of the payments in question; the defendants refused to return them. From references to the declaration in the agreed statement of facts, it appears that the defendants by the payments made them on January 12, 1927, were paid in full. Paragraph twenty of

the contract between the railroad and the company reads: "The Contractor shall be held responsible for the payment of all labor, supplies and material furnished for any of the constructions embraced in this contract, whether such work is done directly by him or by any Sub-contractor under him, and in case the Contractor fails to pay for such labor, supplies or material punctually when payment is due, the . . . [railroad] shall have the right to apply any funds in its hands due said Contractor, to the payment of such liabilities, and the amount of such payments shall be considered and accepted as a payment on this contract." It does not appear that any of the defendants knew of or relied upon either this clause in the contract or the bond at the times when their several contracts with the company were made or when the materials and labor were furnished. It does not appear that the company in its contracts with the several defendants attempted to make any provision for their benefit out of the payments due to it under its contract with the railroad.

It is plain that the payments to the defendants on January 12, 1927, were voidable preferences. It is the contention of the defendants that the contract created an equitable lien in favor of the railroad which enured to the benefit of the defendants. The question is whether the defendants are protected by the provisions of § 67d of the bankruptcy act of July 1, 1898 (30 U. S. Sts. at Large, 564, as amended by 36 U. S. Sts. at Large, 842) which reads as follows: "Liens given or accepted in good faith and not in contemplation of or in fraud upon this Act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this Act." Whether a lien is within the meaning of § 67d of the bankruptcy act is to be determined by the law of the State. *Dooley* v. *Pease,* 180 U. S. 126. *Thompson* v. *Fairbanks,* 196 U. S. 516, 522. *Taney* v. *Penn National Bank of Reading,* 232 U. S. 174, 180.

In the case at bar there is no promise made by either the railroad or the company to pay the defendants out of any

particular fund. The most that can be said is that under paragraph twenty of the contract the railroad has authority to make such payment under certain conditions, but it is not bound to do so. Consequently it does not appear that the defendants had even an enforceable contract right. See *Pike* v. *Anglo-South American Trust Co.* 267 Mass. 130. No authority is cited and none has been found which would justify the conclusion that the defendants had a lien legal or equitable upon any fund. In *Elmore* v. *Symonds*, 183 Mass. 321, it was held that a personal promise of a debtor to pay his creditor from a particular fund does not make the fund chargeable with an equitable lien. This principle was recognized in *Jennings* v. *Whitney*, 224 Mass. 138, 143. "But an equitable lien does not of necessity rest exclusively upon an express agreement. It may arise from circumstances of such nature as to require the presumption . . . that an equitable lien was meant." *Westall* v. *Wood*, 212 Mass. 540, 544. It is plain upon the facts disclosed in the present case that there was no intention that the defendants should have a lien upon any fund, equitable or other.

The defendants received the payments within four months of the adjudication in bankruptcy, after they had notice of the insolvency of the company. Although the payments were not made directly by the company but were made by the railroad, the latter was the company's agent under paragraph twenty of the contract between the company and the railroad. The defendants on or about December 24, 1926, received notice of the assignment for the benefit of creditors and thereby had reasonable cause to believe that the bankrupt was insolvent. As unsecured creditors the defendants by receiving the payments from the railroad secured a greater percentage of their claims than the other unsecured creditors, and thereby received a preference voidable by the trustee under § 60a and b of the bankruptcy act. *Hewitt* v. *Boston Straw Board Co.* 214 Mass. 260.

It is not contended by the defendants that they filed any notice of lien or gave any notice to the owner (the railroad) in an attempt to enforce alleged rights under G. L.

c. 254, § 4. See *Prunier* v. *Schulman,* 261 Mass. 417, 418; *Prindiville* v. *Boston & Worcester Street Railway,* 226 Mass. 148, 150. It is difficult to conceive of a lien not resting on agreement of parties, including the party to be benefited, or on statute.

It is apparent that paragraph twenty of the contract was inserted merely to protect the railroad from possible mechanics' liens upon its property. None of the cases cited by the defendants supports their contention. *Johnson* v. *Root Manuf. Co.* 241 U. S. 160, involved the construction of a compromise agreement. In *In re P. McGarry & Son,* 240 Fed. Rep. 400, the provisions of a surety bond were construed to be for the benefit of third persons from whom the contractor obtained materials or labor. *Prairie State Bank* v. *United States,* 164 U. S. 227, and *Henningsen* v. *United States Fidelity & Guaranty Co.* 208 U. S. 404, recognize the right of subrogation of a surety of the contractor to sums due to the contractor but retained by the contractee under the terms of the contract until the contract has been performed. These cases are not relevant to the question involved in the case at bar. In *Walker* v. *Brown,* 165 U. S. 654, and *Sexton* v. *Kessler & Co. Ltd.* 225 U. S. 90, there was an evident intention of the parties that certain securities should be subject to an equitable lien — a different situation from the one presented in the present case, where the railroad evidently did not intend to provide security for subcontractors but intended only to protect itself. It is unnecessary to refer to other cases cited by the defendants; it is sufficient to say that they are clearly distinguishable on their facts from the instant case.

It results that, as the payments received by the defendants were voidable preferences, the judgments must be set aside and judgments are to be entered for the plaintiff.

*So ordered.*