**In re VAPPI & COMPANY, INC., Debtor.**

Admiral Drywall, Inc., Appellant,

John F. Cullen, Trustee of Vappi
& Company, Inc., Appellee,

Architectural Building Components,
Inc., Appellant,

John F. Cullen, Trustee of Vappi
& Company, Inc., Appellee.

Civ. A. Nos. 93–10711–WGY,
93–10712–WGY.

United States District Court,
D. Massachusetts.

Dec. 27, 1994.

Peter J. Gagne, Corwin & Corwin, Boston, MA, and E. Melvin Nash, Law Office of E. Melvin Nash, Boston, MA, for appellants.

Robert O. Resnick, Posternak, Blankstein & Lund, Boston, MA, for appellee and debtor.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

In these two related bankruptcy appeals, appellants Admiral Drywall, Inc. ("Drywall") and Architectural Building Components, Inc. ("ABC") are unpaid subcontractors of the debtor, the general contractor Vappi & Company, Inc. ("Vappi"). Drywall, purporting to represent twenty-three similarly situated subcontractors, appeals the dismissal of their claims by the Bankruptcy Court and seeks a judgment declaring that by virtue of their status as unpaid subcontractors they have an equitable lien on the contract balance due the debtor under its general contract with the owners, Jonathan Davis and H.J. Davis Development, superior to the rights of Vappi's Chapter 7 trustee-in-bankruptcy, John F. Cullen ("trustee"), and all other creditors. ABC seeks the same declaratory judgment of priority.[1]

In the Bankruptcy Court, Drywall and ABC sought a declaration of their priority status but not of the dollar amount to be paid to each subcontractor. The Bankruptcy Court granted judgment for the trustee and, ruling that Drywall did not have an equitable lien, dismissed its claim and ordered that the balance of the contract proceeds be placed in the bankrupt estate and divided ratably among all the creditors.[2] This Court affirms.

Congress has generally left the determination of property rights in assets of the bankrupt estate to state law. *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979). Massachusetts law grants subcontractors equitable liens where appropriate, but grants priority to subcontractors only where surety bonds, mechanics liens, or performance liens are properly filed and perfected.[3] Mass.Gen.L. ch. 254, § 31. Drywall has no surety bond, no lien agreement, and is without the security afforded pursuant to a governmental construction contract.[4] Neither Drywall nor ABC has priority status as secured parties.

Drywall cites *Superior Glass Co., Inc. v. First Bristol County National Bank,* 380 Mass. 829, 406 N.E.2d 672 (1980), for the proposition that an equitable lien ought to be granted on a constructive trust theory and that their equitable lien is superior to the rights of the trustee, and of all other creditors. In *Superior Glass,* two subcontractors sued the owner to recover unpaid contract balances owed to them by the general contractor. Neither subcontractor had taken steps to perfect a lien under Mass.Gen.L. ch. 254. The subcontractors recovered judgment upon an unjust enrichment theory. *Superior Glass,* 380 Mass. at 833–34, 406 N.E.2d 672. The Massachusetts Supreme Judicial Court held that in the absence of an express promise by the owner to protect the subcontractors, the equitable remedy of a constructive trust is nonetheless available where 1) conduct of the owner "lull[s]" the subcontractors into assuming that their creditor positions are protected, and 2) the owner

---

1. Drywall's complaint named the remaining subcontractors on the project, including ABC, as nominal defendants to give them the opportunity to assert their own claims against the general contract balance. ABC received a judgment against Vappi prior to the bankruptcy filing, and was denied partial summary judgment in the Bankruptcy Court on its claim to possess an equitable lien superior to that of the trustee. ABC is now the only nominal defendant to appeal the judgment of the Bankruptcy Court.

2. An arbitration decision on February 11, 1991, determined the contract balance to be $2;009,-138. On March 15, 1994, the Massachusetts

Appeals Court confirmed the arbitration award. *Davis v. Vappi & Co., Inc.,* 36 Mass.App.Ct. 1108, 631 N.E.2d 80 (1994) (per curiam).

3. The parties agree that if the matter is governed by state law, the governing law is that of the Commonwealth of Massachusetts.

4. The parties agree that the liens asserted by Drywall and ABC were unrecorded on the date of the bankruptcy petition and that no promise of a surety was ever made to prevent them from filing their own bond.

enjoys unjust enrichment.[5] *Id.* The Bankruptcy Court properly held the owners have not been nor will they be unjustly enriched.

 In a similar vein to *Superior Glass* are those specific cases where a subcontractor is entitled to an equitable lien on the unpaid contract balance because there was (1) an agreement (express or arising from circumstances) to create a lien upon a particular fund for a subcontractor, *Ehrlich v. Johnson Service Co.,* 272 Mass. 385, 388–89, 172 N.E. 508 (1930), or (2) a promise on the part of the owner to protect the subcontractors under a bond upon which they relied, *Canter v. Schlager,* 358 Mass. 789, 795, 267 N.E.2d 492 (1971). Neither Drywall nor ABC claims to fall within either of these specific categories, but rather quixotically assert they have a priority equitable interest in the contract balance simply by virtue of their status as unpaid subcontractors. This Court does not agree.

## CONCLUSION

Drywall and ABC do not have an equitable lien on the balance of the general contract superior to the rights of the trustee. The trustee is therefore entitled to receive the full contract balance into the estate.

The judgment of the Bankruptcy Court is AFFIRMED.

---

5. Drywall asserts that *Superior Glass* is authority for the proposition that all unpaid subcontractors' have an inherent priority status evidenced by their status as equitable lienholders even absent the perfection of a security interest. The *Superior Glass* holding does not, however, rest on the subcontractor's status but rather on the theory of reliance and unjust enrichment. It is worth recalling the observation of the Bankruptcy Judge that "if Massachusetts law did not recognize an equitable lien in favor of all unpaid subcontractors, the court in *Superior Glass* would not have had to reach the issue of unjust enrichment". *Admiral Drywall, Inc. v. Cullen,* No. 91–13914–CJK, Adv. No. A92–1133, slip op. at 10 (Bankr. D.Mass. Feb. 19, 1993).