ADMIRAL DRYWALL, INC., et al., Plaintiffs, Appellants,

v.

John F. CULLEN, Trustee of Vappi & Company, Inc., Defendant, Appellee.

No. 95–1036.

United States Court of Appeals, First Circuit.

Heard May 1, 1995.

Decided June 8, 1995.

Peter J. Gagne with whom Corwin & Corwin, Boston, MA, was on brief for appellants.

Robert Owen Resnick with whom Posternak, Blankstein & Lund, Boston, MA, was on brief for appellee.

Before BOUDIN, Circuit Judge, ALDRICH and BOWNES, Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

Defendant John F. Cullen is the trustee in bankruptcy of Vappi & Co., Inc., a general contractor who defaulted after substantially completing its contract to build a condominium complex. Plaintiffs, Admiral Drywall and others, are unpaid subcontractors who furnished labor and materials, and seek to impose an equitable lien on undisbursed contract funds ahead of the trustee and all other creditors. They did not file statutory liens, nor was there a surety bond or any other contract for their protection. The district court affirmed the bankruptcy court's summary judgment in favor of the trustee. We affirm.

■■ We look to Massachusetts law for determination of interests in assets of the bankruptcy estate. *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979). In *Ehrlich v. Johnson Service Co.,* 272 Mass. 385, 172 N.E. 508 (1930), a general contractor, within four months of bankruptcy paid some of its subcontractors, and its trustee in bankruptcy sued to recover. Defendants claimed they had equitable liens. The court held that, in the absence of any special contract, they had none, and hence the payments to them were voidable preferences. Plaintiffs here, who likewise have no protection of a surety, and no special contract otherwise, can escape foreclosure of their equitable claim only by persuading us that *Ehrlich* is no longer law.

Plaintiffs would reach that result by pointing out that in *Canter v. Schlager*, 358 Mass. 789, 267 N.E.2d 492 (1971), the court recognized subrogation rights. There it held that a surety on a performance bond that paid subcontractors has a priority "right of subrogation over the rights of a construction contractor's trustee in bankruptcy." 358 Mass. at 792, 267 N.E.2d at 494. Strictly this meant priority for the surety who was "subrogated ... to the rights of the subcontractors it paid." *Id.* at 791, 267 N.E.2d at 494. This differed from *Ehrlich* where subcontractors were held to have no special rights because here there was a contract. The subcontractors had rights because "they are entitled to rely on a payment bond providing expressly that they may sue thereon." *Id.* at 795, 267 N.E.2d at 496. The court noted, further, that, unlike *Ehrlich*, the surety was not claiming, timewise, in violation of the Bankruptcy Act. "[T]he surety's right dates back to the date of the bond." *Id.* at 795–96, 267 N.E.2d at 496. For present plaintiffs, who lack a bond, and such timeliness, these are fatal distinctions.

Since we are concerned with state law choices in the treatment of creditors, and not federal law, it is pointless for plaintiffs to argue that *Canter's* reasoning and its treatment of subcontractors' rights as depending upon the presence of a surety bond was inconsistent with *Ehrlich*, and therefore must be taken as overruling *Ehrlich*—although it said it distinguished it. Our sole duty is to take state law as we find it, not build on it. Nor would we be tempted to build. There is sound public policy in recognizing a difference when there is a surety in the picture. "Traditionally sureties compelled to pay debts for their principal have been deemed entitled to reimbursement." *See Pearlman v. Reliance Insurance Co.*, 371 U.S. 132, 136, 83 S.Ct. 232, 234, 9 L.Ed.2d 190 (1962). If they were not, there would be few sureties. Individual subcontractors can seek mechanics liens. Mass.Gen.L. c. 254.

*Affirmed.*