USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1036 ADMIRAL DRYWALL, INC., ET AL., Plaintiffs, Appellants, v. JOHN F. CULLEN, TRUSTEE OF VAPPI & COMPANY, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Aldrich and Bownes, Senior Circuit Judges. _____________________ ____________________ Peter J. Gagne with whom Corwin & Corwin was on brief for ________________ _________________ appellants. Robert Owen Resnick with whom Posternak, Blankstein & Lund was on ___________________ _____________________________ brief for appellee. ____________________ June 8, 1995 ____________________ ALDRICH, Senior Circuit Judge. Defendant John F. _____________________ Cullen is the trustee in bankruptcy of Vappi & Co., Inc., a general contractor who defaulted after substantially completing its contract to build a condominium complex. Plaintiffs, Admiral Drywall and others, are unpaid subcontractors who furnished labor and materials, and seek to impose an equitable lien on undisbursed contract funds ahead of the trustee and all other creditors. They did not file statutory liens, nor was there a surety bond or any other contract for their protection. The district court affirmed the bankruptcy court's summary judgment in favor of the trustee. We affirm. We look to Massachusetts law for determination of interests in assets of the bankruptcy estate. Butner v. ______ United States, 440 U.S. 48, 54 (1979). In Ehrlich v. Johnson _____________ _______ _______ Service Co., 272 Mass. 385, 172 N.E. 508 (1930), a general ____________ contractor, within four months of bankruptcy paid some of its subcontractors, and its trustee in bankruptcy sued to recover. Defendants claimed they had equitable liens. The court held that, in the absence of any special contract, they had none, and hence the payments to them were voidable preferences. Plaintiffs here, who likewise have no protection of a surety, and no special contract otherwise, can escape foreclosure of their equitable claim only by persuading us that Ehrlich is no longer law. _______ -2- Plaintiffs would reach that result by pointing out that in Canter v. Schlager, 358 Mass. 789, 267 N.E.2d 492 ______ ________ (1971), the court recognized subrogation rights. There it held that a surety on a performance bond that paid subcontractors has a priority "right of subrogation over the rights of a construction contractor's trustee in bankruptcy." 358 Mass. at 792, 267 N.E.2d at 494. Strictly this meant priority for the surety who was "subrogated . . . to the rights of the subcontractors it paid." Id. at 791, 267 ___ N.E.2d at 494. This differed from Ehrlich where _______ subcontractors were held to have no special rights because here there was a contract. The subcontractors had rights because "they are entitled to rely on a payment bond providing expressly that they may sue thereon." Id. at 795, ___ 267 N.E.2d at 496. The court noted, further, that, unlike Ehrlich, the surety was not claiming, timewise, in violation _______ of the Bankruptcy Act. "[T]he surety's right dates back to the date of the bond." Id. at 795-96, 267 N.E.2d at 496. ___ For present plaintiffs, who lack a bond, and such timeliness, these are fatal distinctions. Since we are concerned with state law choices in the treatment of creditors, and not federal law, it is pointless for plaintiffs to argue that Canter's reasoning and ________ its treatment of subcontractors' rights as depending upon the presence of a surety bond was inconsistent with Ehrlich, and _______ -3- therefore must be taken as overruling Ehrlich -- although it _______ said it distinguished it. Our sole duty is to take state law as we find it, not build on it. Nor would we be tempted to build. There is sound public policy in recognizing a difference when there is a surety in the picture. "Traditionally sureties compelled to pay debts for their principal have been deemed entitled to reimbursement." See ___ Pearlman v. Reliance Insurance Co., 371 U.S. 132, 136 (1962). ________ ______________________ If they were not, there would be few sureties. Individual subcontractors can seek mechanics liens. Mass. Gen. L. c. 254. Affirmed. ________ -4-